```
                    IN THE UNITED STATES DISTRICT COURT

                    IN AND FOR THE DISTRICT OF DELAWARE


INTERNATIONAL BUSINESS MACHINES      )
CORPORATION,                         )
               Plaintiff,            )
v.                                   )  C.A. No.
                                     )  22-cv-590-GBW
ZYNGA INC., and CHARTBOOST, INC.,    )
                                     )
               Defendant.            )


                              - - - -

                         Wilmington, Delaware
                         Friday, December 2, 2022
                         Discovery Teleconference

                              - - - -



  BEFORE:  HONORABLE GREGORY B. WILLIAMS
           UNITED STATES DISTRICT COURT JUDGE


                              - - - -









                                       Michele L. Rolfe, RPR, CRR
```

**APPEARANCES:**

        POTTER, ANDERSON & CORROON LLP
        BY:  DAVID ELLIS MOORE, ESQ.

           -and-

        DESMARAIS LLP
        BY: JORDAN N. MALZ, ESQ.

           For the Plaintiff


        FARNAN LLP
        BY:  MICHAEL FARNAN, ESQ.

           -and-

        ORRICK, HERRINGTON & SUTCLIFFE LLP
        BY:  GEOFFREY MOSS, ESQ.

           For the Defendant

                - - - - -

```
 1                P R O C E E D I N G S
 2         (REPORTER'S NOTE:  The following teleconference was
 3   held telephonically beginning at 2:00 p.m.)
 4              THE COURT:  Good afternoon.
 5              ALL COUNSEL:  Good afternoon, Your Honor.
 6              THE COURT:  All right.  Do we have everyone on
 7   the line that we need on the line?
 8              MR. MOORE:  For plaintiff, we do, Your Honor.
 9              THE COURT:  Okay.  For Zynga?
10              MR. FARNAN:  Yes, Your Honor, we do.
11              THE COURT:  All right.  So we are here for the
12   discovery dispute in IBM Corp. versus Zynga, Inc.  Civil
13   Action No. 22-590.
14              Let's start by having counsel put their
15   appearance on the record.
16              MR. MOORE:  Good afternoon, David Moore from
17   Potter Anderson on behalf of plaintiff.
18              I'm joined by Jordan Malz from Desmarais firm
19   and Mr. Malz will be presents for IBM today.
20              MR. MALZ:  Good afternoon, Your Honor.
21              THE COURT:  All right.  For Zynga?
22              Counsel for Zynga on the line?
23              MR. FARNAN:  Yes, Your Honor.  Michael Farnan
24   for the defendant.  And with me today is Geoffrey Moss from
25   Orrick and Mr. Moss will take the lead this afternoon.
```

```
 1              MR. MOSS:  Good afternoon, yes, Your Honor.
 2              THE COURT:  Okay.  Good afternoon.
 3              All right.  So I've reviewed the parties'
 4   submissions and I am ready to rule.
 5              The Court has reviewed the parties' respective
 6   letter briefs regarding the discovery dispute, D.I. 76 and
 7   D.I. 77, and held a discovery teleconference on December 2,
 8   2022.  It is hereby ordered that the defendants Zynga, Inc.,
 9   and ChartBoost Inc., collectively Zynga, shall produce
10   source code and other core technical documents for all of
11   the accused products in this action; including, but not
12   limited to, nonpublicly available operation manuals,
13   product literature, schematics and specifications that
14   sufficiently show how the accused products work.
15              It is also hereby ordered that the deadline for
16   plaintiff International Business Machines Corporation to
17   submit and issue infringement contentions is extended until
18   28 days after Zynga completes its production.
19              That is the order of the Court.  We'll enter an
20   oral order on the docket.
21              Anything else that we need to discuss while we
22   have the parties on the line?
23              MR. MALZ:  Nothing from plaintiff, Your Honor.
24              MR. MOSS:  Your Honor, this is Jeff Moss on
25   behalf of Zynga.  If the Court would indulge Zynga, a point
```

```
 1    of clarification about the order.
 2              I want to understand if the Court is ordering
 3    that source code in and of itself is not sufficient to
 4    satisfy the core technical document requirements under
 5    Section 9(d) of the scheduling order because Zynga has --
 6              THE COURT:  That's right.  You can't just say
 7    the source code -- if their schematic -- if there are
 8    operation manuals, product literature, schematics
 9    specifications, you also have to produce those documents.
10              MR. MOSS:  And to be clear, Your Honor, to the
11    extent there are documents that themselves are not
12    sufficient to show how the accused products work, the Court
13    is not ordering that all of those documents need be produced
14    before the existing deadline for substantial completion of
15    document production; correct?
16              THE COURT:  Ask me that again.  I'm sorry.
17              MR. MOSS:  I apologize, that was a mouthful,
18    Your Honor.
19              Zynga's and ChartBoost, there are going to be
20    some technical documents which will not show all of how a
21    product works; that the only way to really understand how a
22    given accused product works is to refer to the source code.
23    So for those -- that sort of situation where there are
24    documents which may show some aspect of how a given product
25    works or aspirationally how a product works, maybe at the
```

1   time it was written, it would seem to Zynga that that sort

2   of document would be called for by the substantial

3   completion of document discovery deadline, not by the

4   deadline to produce core technical documents.

5            THE COURT:  No, that's incorrect.  That's

6   incorrect.  You have to produce those documents -- if they

7   show some aspect of how the product works you have to

8   produce those documents as part of the core technical

9   documents.  That's the whole point of the disclosure

10  deadline so that all those documents are produced upfront

11  early in the case.

12           MR. MOSS:  Understood, Your Honor.

13           And insofar as it is more than sufficient to

14  show -- is the Court ordering Zynga to produce more than

15  documents sufficient to show, I guess that's my real

16  question.

17           THE COURT:  The Court is ordering Zynga to

18  produce source code, operation manuals, product literature,

19  schematics and specification.  If those documents exist,

20  they should be produced.  If --

21           MR. MOSS:  I --

22           THE COURT:  If you think they only show a

23  portion of the aspect of how the product works, they still

24  have to be produced.

25           You know, just because they don't show how the

1    product works in whole, doesn't mean that they don't have to
2    be produced as a core technical documents.  If they show any
3    aspect of how the product works, they have to be produced as
4    part of the core technical documents.
5         MR. MOSS:  Thank you for the clarification, Your
6    Honor.  Nothing else from defendants.
7         THE COURT:  All right.  Everyone have a great
8    weekend.
9         ALL COUNSEL:  Thank you, Your Honor.
10        (Whereupon, the following proceeding concluded
11   at 2:09 p.m.)
12        I hereby certify the foregoing is a true
13   and accurate transcript from my stenographic notes in the
14   proceeding.
15                              /s/ Michele L. Rolfe, RPR, CRR
                                    U.S. District Court