

1313 North Market Street
302 984 6000
P.O. Box 951
Wilmington, DE 19801-0951
www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone

July 25, 2023

**VIA ELECTRONIC FILING**

The Honorable Gregory B. Williams
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

      Re:   *International Business Machines Corporation v. Zynga Inc. et al.*,
             C.A. No. 22-590-GBW

Dear Judge Williams:

      In Defendants' Response to Plaintiff's July 19, 2023 Letter (D.I. 117), Defendants argue that two Special Master Orders cited in IBM's July 19 letter – *Orthophoenix, LLC v. Stryker Corp.*, C.A. No. 13-1628-LPS, D.I. 164, at 6 (D. Del. Dec. 14, 2015) and *XPRT Ventures LLC v. eBay, Inc.*, C.A. No. 10-595-SLR, D.I. 50, at 6 (D. Del. Apr. 1, 2011) – are "bad law" because the December 2015 Amendment to Fed. R. Civ. P. 26 removed the language allowing for discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." *See* D.I. 117, at 2.  In light of this argument and to ensure a complete record on this issue, IBM provides notice that the Committee Notes for the 2015 Amendment state the following:

> A portion of present Rule 26(b)(1) is omitted from the proposed revision. After allowing discovery of any matter relevant to any party's claim or defense, the present rule adds: "including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." ***Discovery of such matters is so deeply entrenched in practice that it is no longer necessary to clutter the long text of Rule 26 with these examples. The discovery identified in these examples should still be permitted under the revised rule when relevant and proportional to the needs of the case.*** Framing intelligent requests for electronically stored information, for example, may require detailed information about another party's information systems and other information resources.

Fed. R. Civ. P. 26, Committee Notes on Rules—2015 Amendment (emphasis added); *see also Orthophoenix*, C.A. No. 13-1628-LPS, D.I. 164, at fn.9.

      On July 24, 2023, counsel for IBM contacted Defendants' counsel and requested that they withdraw the "bad law" argument in light of the foregoing passage from the Committee Notes.  Defendants' counsel declined to do so.

                      Respectfully,

                      */s/ David E. Moore*

                      David E. Moore

DEM:sjh/110932896/00311-00032

cc:     Clerk of Court (via hand delivery)
         Counsel of Record (via electronic mail)