

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone

July 19, 2023
Public Version Dated: July 26, 2023

**VIA ELECTRONIC FILING**

The Honorable Gregory B. Williams                    **PUBLIC VERSION**
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

     Re:    *International Business Machines Corporation v. Zynga Inc., et al.*,
            C.A. No. 22-590-GBW

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS
FROM BINDU A. PALAPURA**

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
OF COUNSEL:               POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
John M. Desmarais            1313 N. Market Street
Karim Z. Oussayef            Wilmington, DE  19801
Lindsey E. Miller              Tel:  (302) 984-6000
Tamir Packin
Jordan N. Malz               dmoore@potteranderson.com
Jonas R. McDavit            bpalapura@potteranderson.com
Raymond N. Habbaz        abrown@potteranderson.com
William Vieth
Benjamin Rodd              *Attorneys for Plaintiff International Business*
Amy I. Wann                *Machines Corporation*
Kyle G. Petrie
Caitrianne Feddeler
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated:  July 19, 2023
10925064 / 00311.00032
 Public Version Dated: July 26, 2023

Dear Judge Williams:

Plaintiff International Business Machines Corporation ("IBM") submits this discovery dispute letter regarding Zynga Inc.'s and Chartboost, Inc.'s (collectively, "Zynga") refusal to designate a witness to testify regarding Topics 11, 13, and 15–23 (the "Topics") listed in IBM's Second Rule 30(b)(6) Notice for Deposition served on May 24, 2023 ("Second Notice") (Ex. 1). *See* D.I. 99. IBM respectfully requests that the Court order Zynga to designate a witness to testify regarding Topics 11, 13, and 15–23 in IBM's Second Notice within ten business days of the Court's order so that IBM may continue to timely prosecute its case against Zynga.

Zynga's failure to timely produce responsive documents throughout this case has forced IBM—*for a second time*—to serve a Rule 30(b)(6) deposition notice relating to the identity, type, and location of documents that are responsive to its Requests for Production ("RFPs"). In response to its First Rule 30(b)(6) Notice seeking "[t]he identity, type, location, and organization of technical documents and Source Code," (Ex. 2 at 7)—to which Zynga did not object—IBM deposed Zynga's corporate designee on March 9, 2023. That deposition led to Zynga's production of thousands of additional documents showing how the accused products work *after* it had represented to IBM that it had completed its core technical document production in compliance with the Court's Dec. 2, 2022 Order (D.I. 78). *See* Ex. 3, at 1–2.[1]

IBM is now in a similar position with respect to non-technical documents. IBM served RFP Nos. 92–113 *over four months ago*, on March 13, 2023. Ex. 5. Those RFPs seek documents relating to financials, metrics, and patentable benefits. *Id.* Zynga has since produced only *a single financial spreadsheet* and *virtually no documents* related to metrics tracked by Zynga or the patentable benefits of reducing latency and account creation and sign-on. *See* Ex. 6 at 5. Thus, on May 24, 2023, IBM served its Second Notice seeking corporate testimony regarding the identity, type, and location of documents—this time relating to financials, metrics, and the benefits of the accused features. *See* Ex. 1. As discussed in further detail below, the Topics are plainly relevant to IBM's damages claim in this case.

Apparently seeking to avoid opening the floodgates on the existence of relevant non-technical documents (as happened following the similar deposition on technical documents), Zynga refuses to make a witness available for deposition, asserting that the deposition is premature and seeking "discovery on discovery." *See* Ex. 6 at 3–6. Zynga is wrong on both counts.

*First*, the topics are not premature. The parties are well into the discovery period in this case. Discovery opened in July 2022, the deadline for substantial document completion is August 31, 2023, and discovery is scheduled to close on November 16, 2023. *See* D.I. 89. It is up to IBM—not Zynga—to decide when and how IBM proceeds with discovery and the order in which it uses various discovery tools. *See* Fed. R. Civ. P. 26(d)(3)(A) ("methods of discovery may be used in any sequence.").

*Second*, Zynga is wrong that the topics seek "discovery on discovery." IBM is not seeking discovery on Zynga's discovery process. Instead, the Topics in IBM's Second Notice seek relevant testimony about the existence of documents that support IBM's damages claims, just as IBM pursued similar topics with respect to Zynga's core technical productions. Zynga appears to object

---

[1] Although the parties had initially agreed that they would litigate this case based on representative products—obviating technical document production for a significant number of products—the parties have been unable to agree to a stipulation that IBM sent to Zynga in April. Accordingly, Zynga has represented that it will promptly produce all responsive documents for the remaining products. *See* Ex. 4. The parties are working to establish a deadline for that production. To the extent they are unable to agree, they may require the Court's assistance.

The Honorable Gregory B. Williams                                                        Page 2
July 19, 2023

now to avoid discovery of voluminous relevant documents that it has been withholding. That is not a basis for refusing discovery.

Accordingly, IBM requests that the Court order Zynga to designate a witness to testify regarding Topics 11, 13, and 15–23 in IBM's Second Notice.

## I.     The Topics Seek Testimony That Is Relevant To IBM's Damages Claims.

The Topics seek relevant testimony from Zynga regarding the "identity, type, location, and organization" of documents related to financials (Topics 11, 15, and 19), metrics tracked by Zynga for the accused products (Topics 13, 15, and 16), patentable benefits (Topics 20), marketing/marketing studies (Topics 17–19 and 21–22), and patent licensing (Topics 23). *See* Ex. 1; Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "information within the scope of discovery need not be admissible in evidence to be discoverable."); *see Orthophoenix, LLC v. Stryker Corp.*, C.A. No. 13-1628-LPS, D.I. 164, at 6 (D. Del. Dec. 14, 2015) (Special Discovery Master) ("For purposes of discovery, relevancy is broadly construed.") (citing *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999)).

Parties routinely seek—and courts routinely compel—discovery relating to the identity, type, and location of documents relevant to a parties' claims. *See Orthophoenix*, D.I. 164, at 9; *XPRT Ventures LLC v. eBay, Inc.*, C.A. No. 10-595-SLR, D.I. 50, at 8 (D. Del. Apr. 1, 2011). IBM's Second Notice seeks information that is plainly relevant to IBM's damages claims in this case. *See, e.g.*, *Lucent Techs, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318, 1333–1335 (Fed. Cir. 2009) (relying on "sales projections based on past sales, consumer surveys, focus group testing", usage data, and "profit margin" as relevant damages evidence); *Cormack v. United States*, 117 Fed. Cl. 392, 407–408 (2014) (stating the party was entitled to discovery of "revenues, costs of goods sold, and profits" for relevant products as well as information showing the advantages and utility gained from the patented invention). Not only is the information relevant to IBM's damages claims in this case, but "[a] Rule 30(b)(6) deposition is a customary and frequently utilized method of ascertaining the extent and location of documents within an organization." *See Knight v. Musemici*, C.A. No. 11-280-MMB, 2012 WL 1107708, at *1 (D. Del. Mar. 30, 2012).

Because discovery regarding the identity, type, and location of documents in IBM's Second Notice is relevant, Zynga "bears the burden of showing that the information requested is not discoverable." *Orthophoenix*, D.I. 164, at 6 (citing *Joseph v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). As discussed below, Zynga cannot meet its burden.

## II.    Zynga's Objections That The Topics Are Premature And Seek "Discovery on Discovery" Are Unfounded.

Zynga objects to making a witness available for deposition because the Topics are allegedly "premature" and seek "discovery on discovery." *See* Ex. 6 at 3, 6. Neither objection justifies Zynga's refusal to designate a witness in response to IBM's Second Notice.

*First*, Zynga cannot unilaterally dictate when IBM pursues depositions in this case. *See* Fed. R. Civ. P. 26(d)(3)(A). IBM served RFPs on non-technical documents over *four months ago*, and its deposition notice nearly *two months ago*. Pressing fact discovery deadlines—including the deadline for substantial document completion—necessitate that the deposition occur promptly to allow for Zynga's post-deposition production of relevant and responsive non-technical documents.

    ***Second***, Zynga argues that it "will not designate a witness to provide testimony [because] these topics improperly seek discovery on discovery." *See* Ex. 6 at 3. Zynga's objection is belied by the nature of the testimony sought by the Topics and the fact that Zynga previously made a witness available to testify in response to similar topics on core technical documents.

    Zynga's objection that IBM is seeking "discovery on discovery" misses the mark because it ignores that IBM's Second Notice seeks testimony regarding the ***substance*** of the case, not Zynga's discovery ***process***. Discovery on discovery occurs when a party is inquiring about the other side's ***discovery process***. *British Telecommunications PLC v. IAC/InteractiveCorp*, C.A. No. 18-366-WCB, 2020 WL 1043974, at *7 (D. Del. Mar. 4, 2020); *LKQ Corp. v. Kia Motors America, Inc.*, No. 21 C 3166, 2023 WL 4365899, at *3 (N.D. Ill. July 6, 2023) (explaining "discovery on discovery concerns *process*—the method by which those [responsive materials] were searched for and collected"). Here, IBM is not seeking testimony regarding ***how*** Zynga is collecting documents but rather is seeking testimony focused on the ***substance*** of the case—specifically the identity, type, and location of relevant documents. *Id.* Zynga's corporate testimony in response to the Topics will undoubtedly "lead to admissible evidence, such as providing leads to other documents, witnesses, or items that will further advance a party's proof at summary judgment or trial." *Id.; see also* Ex. 1. Indeed, Zynga previously made a witness available to testify regarding the identity, type, and location of core technical documents and source code, which resulted in the identification and production of thousands of additional, relevant documents. *See* Ex. 3 at 1–2. Like core technical documents, the identity, type, and location of financial documents, metrics, benefits of the accused features, and licensing documents is fundamental to IBM's claims in this case.[2]

    Zynga's past and continued delay tactics during discovery necessitated IBM's Second Notice. The Court should order Zynga to designate a witness to testify regarding Topics 11, 13, and 15–23 in IBM's Second Notice within ten business days of the Court's order so that IBM may continue to timely prosecute its case against Zynga.

                    Respectfully,

                    */s/ Bindu A. Palapura*

                    Bindu A. Palapura

BAP:nmt/10925064/00311.00032

cc:      Clerk of Court (via hand delivery)
         Counsel of Record (via electronic mail)

---

[2] Even if IBM decided to pursue "discovery on discovery"—which it has not yet done—Zynga's repeated delays in meeting its discovery obligations would justify such efforts. Discovery on discovery is appropriate in situations where a party can show that "significant, relevant, and non-cumulative information has been withheld or overlooked." *British Telecommunications*, 2020 WL 1043974, at *7; *Am. W. Bank Members, L.C. v. State*, 2:16-cv-00326, 2021 WL 5234372, at *2 (D. Utah Nov. 10, 2021). Here, Zynga has admitted that its productions to date are incomplete. *See* Ex. 6 at 5 (stating that "Zynga has never represented and is not representing that it has completed its intended production of documents relating to the benefits of the accused features" and indicating Zynga is "in the process of diligently collecting such materials and that it hoped to have the first portion of them, the financial documents, ready for production to IBM in early July.").