HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# EXHIBIT 4

| | |
|---|---|
| **From:** | Kyle Petrie |
| **To:** | Yu, Jason K. |
| **Cc:** | Zynga-IBM_OHS; IBM Zynga Service; Michael J. Farnan; Brian Farnan; B Palapura; David Moore |
| **Subject:** | Re: IBM v. Zynga: Correspondence re Representative Games Stipulation |
| **Date:** | Tuesday, July 18, 2023 8:13:01 AM |
| **Attachments:** | image002.png |

Jason,

Please commit to producing all core technical documents and source code for all accused products by August 11th. If Zynga is unwilling to agree to an August 11th production deadline, please provide Zynga's availability for a lead/local meet and confer on July 19 or July 20

Under the schedule provided by the Court in this case, IBM should have had access to Zynga's core technical document production for all accused games for eight months now.  While IBM appreciates that Zynga's confirmation that it is now collecting and will produce on a rolling basis documents and source code for all accused games, IBM cannot wait and hope that Zynga will produce such documents in a timely manner.  Given Zynga's demonstrated delay in document production and discovery throughout this case, Zynga must provide a date certain or IBM will be forced to seek necessary relief from the Court.

In light of Zynga's repudiation of the parties' original agreement on representative products, IBM will update its infringement contentions once Zynga has completed its technical document and source code production.  Because IBM's Initial Infringement Contentions were "provided based on Zynga's representation that certain accused games and services are representative of other accused games and services," (*see* IBM's Feb. 28, 2023 Initial Infringement Contentions), the alleged issues raised in Zynga's June 30, 2023 Letter from Jason K. Yu are moot at this time.

Additionally, regarding the '719 Patent accused games, Zynga had been on notice of the accused games since at least IBM's February 1, 2023 Identification of Asserted Claims, over five months ago, and again in IBM's Initial Infringement Contentions.  If Zynga maintains that it will not produce documents for the '719 Patent accused games, please provide your availability to confer, with local counsel, on July 19 or July 20 so that IBM may bring this issue to the Court's attention.

Sincerely,

Kyle

---

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Friday, July 14, 2023 5:00:20 PM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>
**Subject:** [Ext] RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.**

---

Hello Kyle,

I appreciate your email, I'm not sure there's really a dispute here.  We're not refusing to produce source code or technical documents.  Nor are we delaying that process or refusing to timely meet and confer about it.  To the contrary, we're already in the process of collecting those documents and will be producing them as quickly as possible.  And we're happy to produce on a rolling basis (including our production last week and a larger production next week) and to provide updates as we get more information.

As you can imagine, producing source code and technical documents for 60+ games instead of the handful of potentially representative games that the parties had originally agreed to is a monumental and extremely time consuming task.  It is particularly difficult because most of the games are independently created by different studios with different employees to contact and different document repositories to search.  We have been communicating (and continue to communicate) with those individual teams to identify those repositories and we're already in the process of collecting many document that will be ready for production shortly.  Indeed, next week we anticipate making a large production of technical documents for the remaining games and placing additional source code on the review computer.  We will also continue to follow up and collect any additional outstanding documents and source code until the production is complete.

We can provide additional information as we work through the process, but I don't think we'll have another update by Monday.  Perhaps it makes sense for IBM to start reviewing the documents and source code that Zynga produces next week, and I can have someone involved in the process reach out to touch base with any updates we have on Wednesday or Thursday.

With respect to the '719 Games that IBM did <u>not</u> include in its September 21, 2022 Preliminary Identification of Accused Products, I believe Zynga addressed this in our June 30 letter, which you acknowledged receipt of on July 11.  We can confer about those issues when you are ready to discuss that letter, which we will be following up on shortly.

Thanks,

Jason

---

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Thursday, July 13, 2023 11:41 AM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>
**Subject:** RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

Jason:

Thank you for letting us know that Zynga is collecting source code and technical documents for the remaining accused games.

However, your refusal to timely meet and confer with IBM to discuss Zynga's plan for immediately producing all source code and documents responsive to IBM's requests is unacceptable.  It has been over 8 months since Zynga's core technical document production was due and over 7 months since the Court ordered Zynga to produce technical documents for all accused games.  Additionally, since Zynga confirmed it would be producing documents for all '719 Patent accused games almost a month ago, we still have not received documents for many such games (including at least Black Diamond Slots, Chess with Friends, Toon Blast, Toy Blast, Dawn of Titans, Empires and Allies, etc.) and have received no indication of when source code will be produced.

Given that the deadlines for substantial document completion and fact discovery are fast approaching, Zynga cannot further delay in meeting its discovery obligations, including producing all requested documents for all accused games and updating all discovery responses for all accused games.

If Zynga is unwilling to meet and confer to discuss, at a minimum, Zynga must immediately provide a date certain by which Zynga will complete its source code and document production for the remaining accused games for all asserted patents.

If you will not provide a date certain by which Zynga will comply with its discovery obligations, please provide your availability to confer, with local counsel, on Friday, July 14 or Monday, July 17 so that IBM can seek necessary relief from the Court.

Best,

Kyle

---

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Wednesday, July 12, 2023 1:17 PM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>
**Subject:** [Ext] RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.**

---

Hi Kyle,

Thanks for our call last week.  I appreciate your explanation of IBM's positions regarding the terms of the representative games stipulation and the reasons for IBM's proposed edits.  For the reasons we discussed, I agree that the parties are probably too far apart to reach an agreement on this stipulation.  Among other reasons, there does not seem to be a single set of "buckets" that the parties can stipulate to that would account for all of IBM's numerous varying infringement theories.  Moreover, while Zynga can stipulate that certain Zynga functionality is representative across certain games, it cannot stipulate that the functionality of third party software that Zynga does not control is representative for any particular buckets.  Additionally, Zynga disagrees that it makes sense to stipulate that games that don't use an

accused feature (e.g., Banner Advertisements) infringe in the same way that games that do use that feature (in particular, Zynga does not agree that this is an issue that should be resolved through damages).

Zynga is in the process of collecting source code and technical documents for the remaining accused games.  I don't think we'll have an update this week, but perhaps we can touch base sometime next week.

Thanks,

Jason

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Wednesday, July 12, 2023 8:05 AM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service
<IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan
<bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore
<dmoore@potteranderson.com>
**Subject:** RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

**This message originated from outside your organization**

Jason:

During our meet and confer on 7/6, you committed to providing by yesterday (7/11) Zynga's final position regarding the stipulation or letting us know that Zynga will be producing all technical documents and source code for the outstanding accused games.  Zynga has still not provided IBM with its position.

As I mentioned during our call, the close of fact discovery is fast approaching and Zynga cannot continue to delay producing the required documents if the parties are unable to reach an agreement regarding representative games.  Accordingly, please provide Zynga's position by COB today and provide your availability to meet and confer with local counsel on or before 7/14 regarding Zynga's plan for meeting its discovery obligations in this case.

Sincerely,

Kyle

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Wednesday, July 5, 2023 11:49 AM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service
<IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan
<bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore
<dmoore@potteranderson.com>

**Subject:** [Ext] RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

**\*\*EXTERNAL EMAIL\*\*** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

Thanks, Kyle.

3pm ET tomorrow works for me.

Jason

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Wednesday, July 5, 2023 8:38 AM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>
**Subject:** RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

**This message originated from outside your organization**

Jason:

I am still available at 1-1 30pm ET.  Otherwise, I am available tomorrow after 3pm ET.

Thanks,

Kyle

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Wednesday, July 5, 2023 11:06 AM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>
**Subject:** [Ext] RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

**\*\*EXTERNAL EMAIL\*\*** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

Hello Kyle,

I was out of town on Monday but I can meet today to discuss.  I haven't had a chance to get input from the team yet, but I think it still makes sense to have a call to clarify some of IBM's changes positions.  I had something come up at 1pm, can you do 1:30 or 2:00?

Thanks,

Jason

---

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Friday, June 30, 2023 1:14 PM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>
**Subject:** RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

---

**This message originated from outside your organization**

---

Jason:

If you are planning on looking at the agreement over the weekend, do you have any availability to discuss on Monday (7/3)?

Otherwise, I can be available on Wednesday at 1pm ET.  Please let me know and I will send a calendar invite.

We are still waiting for Zynga's response regarding when Zynga expects to complete its production of core technical documents for all accused products for the '719 Patent.

Sincerely,

Kyle

---

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Thursday, June 29, 2023 2:12 PM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan

<bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore
<dmoore@potteranderson.com>
**Subject:** [Ext] RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

**EXTERNAL EMAIL** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

Hello Kyle,

Sorry I missed your call yesterday.  This week filled up quickly for me, and I thought IBM was going to send its proposed revisions before we spoke.

Thank you for sending the case law re representative games and this updated proposal.  I will be traveling tomorrow, but I will take a look at IBM's proposal over the weekend and try go get input from others as well.  Perhaps we can discuss on Wednesday after the holiday.  I'm fairly open after 1pm ET on Wednesday if that works for you.

I will look into the '719 Patent issue and get back to you.

Thanks,

Jason

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Thursday, June 29, 2023 10:35 AM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service
<IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan
<bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore
<dmoore@potteranderson.com>
**Subject:** RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

Jason:

I tried to reach you by phone yesterday and did not receive a response.  In the interest of continuing to attempt to move this forward without further delay, please find attached IBM's updated proposed representative games stipulation.

Please let me know when you are available to discuss IBM's updated proposal and any questions Zynga may have.

Additionally, please confirm when Zynga expects to complete its production of core technical

documents for all accused products for the '719 Patent.

Sincerely,

Kyle

---

**From:** Kyle Petrie
**Sent:** Tuesday, June 27, 2023 5:22 PM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service
<IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan
<bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore
<dmoore@potteranderson.com>
**Subject:** RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

Jason:

Thank you for providing a redline to IBM's proposed stipulation from April 10, 2023.  As I
mentioned on our call last week, IBM remains open to reaching agreement where possible on
a representative games stipulation, but will proceed using a representative games approach
regardless of Zynga's agreement.  *See, e.g.*, *TiVo, Inc. v. EchoStar Commc'ns Corp.*, 516 F.3d
1290, 1308 (Fed. Cir. 2008) ("there is nothing improper about an expert testifying in detail
about a particular device and then stating that the same analysis applies to other allegedly
infringing devices that operate similarly, without discussing each type of device in detail");
*Spansion, Inc. v. Int'l Trade Comm'n*, 629 F.3d 1331, 1351 (Fed. Cir. 2010).  We are in the
process of reviewing your redlines and plan on sending edits tomorrow.  If you are still
available, lets plan on getting on the phone to discuss at 1pm ET tomorrow.

Based on your redline, it appears that the parties will not be able to reach a representative
games stipulation for the '719 Patent.  Accordingly, please provide a date certain by which
Zynga will comply with the Court's Dec. 2 Order and complete Zynga's overdue production
of core technical documents for all of the accused products in this action for the '719 Patent
(*see* IBM's Identification of Asserted Claims dated Feb. 1, 2023; IBM's Initial Infringement
Contentions at 7–8 dated Feb. 28) including but not limited to source code and non-publicly
available operation manuals, product literature, schematics, and specifications.

Sincerely,

Kyle

---

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Monday, June 26, 2023 8:18 AM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service
<IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan
<bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore
<dmoore@potteranderson.com>
**Subject:** [Ext] RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

**\*\*EXTERNAL EMAIL\*\*** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

Hello Kyle,

Thanks for meeting with us last week to discuss the representative games issue.  I'm writing to follow up on several issues that we discussed.

To start, we were surprised to learn that IBM intends to present its case using representative games regardless of whether the parties reach a stipulation on that issue.  Zynga does not agree that IBM can adequately present its infringement case through representative games without a formal stipulation.  Each of the accused games is, for the most part, separately designed and developed and many of them come from completely different gaming studios.  They have different content, gameplay, and functionality.  They are not, for example, different versions of the same software or device (e.g., cellphones designed by the same company using essentially the same components).  During our call, you indicated that you would send along the case law supporting IBM's position on this issue.  If you could send that along, we would appreciate it.

Notwithstanding IBM's lack of interest, Zynga continues to believe that a stipulation on representative games will benefit Zynga, the Court, and even IBM.  Without a stipulation, IBM will, at a minimum, still have to prove that each of the accused games is adequately "represented" by the "representative" games.  That will still require a significant amount of time and evidence.   Accordingly, we think it makes sense to at least try to reach a compromise even if IBM intends to move forward with representative games without one.

To that end, I've redlined IBM's proposed stipulation based on some of the issues we discussed (draft attached).  Given your request for something soon, I attempted to turn this around as quickly as possible.  As I mentioned on our call, however, most of our team is in trial and I have not been able to get sign off from the larger team or the client. Accordingly, Zynga has not approved this and I'm circulating for discussion purposes only.  Given IBM's recent position that it does not need a stipulation and its request for a fast turnaround, we thought it made sense to get you something quickly and confer with you instead of taking the time to formalize something that IBM may reject.  We look forward to your feedback.

Can you let me know if there is a time on Wednesday that you can be available to discuss?  I'm fairly open that day except 3-4 pm ET.

Thanks,

Jason

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>

**Sent:** Thursday, June 15, 2023 7:09 PM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service
<IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan
<bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore
<dmoore@potteranderson.com>
**Subject:** RE: IBM v. Zynga: Correspondence re Representative Games Stipulation


Jason:

IBM sent what it believed to be a reasonable stipulation memorializing the parties' previous agreement
regarding representative games **_over two months ago_**.  To date, Zynga has not provided IBM with any
edits to IBM's proposed stipulation or any reasonable counterproposal.  It is because of Zynga's delay
and failure to meaningfully respond to IBM's proposed stipulation that IBM is being forced to request the
full scope of the previously ordered discovery.

I am available on Tuesday, June 20 at 5pm ET to meet and confer regarding any compromise position
Zynga may have that, without continued delay, reduces the burden on both parties and the Court.  Please
provide any such compromise position in advance and confirm that Zynga's local counsel will be available
for our meet and confer on Tuesday.

Sincerely,

Kyle

---

**From:** Yu, Jason K. <jasonyu@orrick.com>
**Sent:** Thursday, June 15, 2023 3:45 PM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service
<IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan
<bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore
<dmoore@potteranderson.com>
**Subject:** [Ext] RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you
recognize the sender and have confidence the content is safe.**

---

Hello Kyle,

Clearly IBM has no intention of agreeing to a reasonable stipulation for the orderly conduct of
discovery and trial using representative games.  You have not even attempted to address the
questions or clarifications that we set forth in my letter.  Before you shut down the parties'
agreement completely, however, we would like to confer by phone to identify the gaps
between the parties and see if we can address them with some compromises.  As Zynga has
noted in the past, a stipulation for representative games would greatly benefit both parties and

the Court when it comes to pretrial motions and the presentation of evidence at trial.  Without a stipulation, the parties will have to litigate (and the Court will have to consider) more than 60 different accused games (each with its own set of source code, technical documents, and witnesses) through discovery, motion practice, expert reports, and trial presentations.

Can you please provide a time Tuesday that you are available to discuss.  I'm available the entire day so let me know what works for you.

Thanks,

Jason

---

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Wednesday, June 14, 2023 9:36 AM
**To:** Yu, Jason K. <jasonyu@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>
**Subject:** RE: IBM v. Zynga: Correspondence re Representative Games Stipulation

Jason:

Instead of providing a redline to IBM's proposal from over two months ago, your letter requests IBM prove infringement in advance of the dates set out in the Scheduling Order before Zynga "***may*** be able to agree to a different," unspecified stipulation for only two of the three asserted patents.  As I stated in our previous correspondence, IBM will not allow Zynga to derail the case schedule by not producing technical documents for all accused products while at the same time refusing to enter a representative games stipulation.

Accordingly, please confirm that Zynga will produce all technical documents for all accused products listed in IBM's Initial Infringement Contentions by June 30, 2023, including all source code, non-publicly available operation manuals, product literature, schematics and specifications that show how the accused products work.

If Zynga refuses to comply with the Court's Dec. 2, 2022 Order for all accused products, please provide your availability to participate this week in a Local Rule 7.1.1 meet and confer, including with Delaware counsel.

Sincerely,

Kyle

---

**From:** Yu, Jason K. <jasonyu@orrick.com>

**Sent:** Friday, June 9, 2023 7:16 PM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>
**Subject:** IBM v. Zynga: Correspondence re Representative Games Stipulation

Your attachments have been security checked by Mimecast Attachment Protection. Files where no threat or malware was detected are attached.

Hello Kyle,

Please find attached a correspondence regarding the parties' discussion of representative games.

Thanks,

Jason

**Jason K. Yu**
Partner
Intellectual Property

Orrick
Silicon Valley Ⓥ
T +1-650-614-7363
jasonyu@orrick.com



---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not

the intended recipient, please contact the sender by reply email and delete all copies of this message.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 1:22-cv-00590-GBW |
| v. | ) ) ) | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| ZYNGA INC., and CHARTBOOST, INC., | ) ) | |
| Defendants. | ) ) | **JURY TRIAL DEMANDED** |

**IBM'S SECOND SET OF REQUESTS FOR
PRODUCTION TO DEFENDANTS (NOS. 92–113)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff International Business

Machines Corporation ("IBM") hereby requests that Defendants Zynga Inc. and Chartboost, Inc.

produce the documents and things requested below for inspection, copying and/or testing, in

accordance with the Definitions and Instructions below. The requested documents and things must

be produced within thirty (30) days of the service of these requests or at such other time as may be

mutually agreed upon in writing by counsel for the parties. Documents should be produced at the law

offices of Desmarais LLP, 230 Park Avenue, New York, New York 10169.

**DEFINITIONS AND INSTRUCTIONS**

1.      IBM hereby incorporates by reference the Definitions and Instructions from IBM's

First Set of Requests for Production to Defendants (Nos. 1–91) dated July 20, 2022, as if fully set

forth herein.

2.      As used herein, "Accused Instrumentality" means any product, application, service,

game, or method accused by IBM of infringing any claim of any of the Patents-In-Suit under any

subsection of 35 U.S.C. § 271, including without limitation all products and services identified in

1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

IBM's February 1, 2023, Preliminary Identification of Asserted Claims, IBM's February 28, 2023, Initial Infringement Contentions, and IBM's forthcoming infringement contentions.

3.     As used herein, "Identification Service" means any identification service used with the Accused Instrumentalities, including at least Custom Gram ID Service, Custom Peak ID Service, Custom SGG ID Service, Custom Starlark ID Service, Draft4, Draft5, ZIS, Custom WWF Legacy ID Service, Custom Poker Legacy ID Service.  *See* Nov. 30, 2022, Email from Mr. Moss.

4.     As used here, "Ad Service" means any advertising service used with the Accused Instrumentalities, including at least Admob, Applovin MAX, Helium, Chartboost, Ironsource, MoPub, Unity, and ZADE.  *See* Oct. 17, 2022, Email from Mr. Moss.

5.     As used herein, "Advertisements" means all advertisements presented by the Accused Instrumentalities, including without limitation, interstitial advertisements, banner advertisements, in-game advertisements for virtual goods, including in-game currency, and rewarded advertisements.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 92:**

Documents sufficient to identify each transaction involving the use, implementation, offer, sale, or provision of each Accused Instrumentality from May 2016 to the present, including without limitation the date, nature, subject matter, parties/customers, and location of each such transaction as well as the revenues, costs, and profits associated with each such transaction (i.e., transaction-level data in as granular form as possible).

**REQUEST FOR PRODUCTION NO. 93:**

All documents and communications concerning Defendants' business plans and strategies relating to the development, launch, and sale of each Accused Instrumentality, including market projections presented or provided to Defendants' management, executives, Board of Directors, and/or investors.

**REQUEST FOR PRODUCTION NO. 94:**

All documents relating to financial projections, estimates, and forecasts for the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 95:**

Documents sufficient to identify all Defendants' products and services sold along with, for use with, or in connection with each of the Accused Instrumentalities as well as Defendants' revenues and profits from those products and services.

**REQUEST FOR PRODUCTION NO. 96:**

All documents relating to the marketing, advertising, or promotion of each of the Accused Instrumentalities, including promotional materials, press releases, advertisements, presentations, product launch documents, catalogues, trade show exhibits or displays, photographs, video clips, electronic clips, videotapes, data sheets, specifications, price lists, brochures, product literature,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

product demonstrations, and/or any other materials describing the features of each of the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 97:**

All documents relating to any decisions by Defendants whether or not to include functionalities involving any Identification Service in the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 98:**

All documents relating to any decisions by Defendants whether or not to include functionalities involving any Advertisements or Ad Service in the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 99:**

All documents relating to any decisions by Defendants whether or not to include functionalities involving caching, precaching, prefetching, or preloading of Advertisements, and Sign-On-Services in the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 100:**

All documents relating to any decisions by Defendants whether or not to include functionalities involving any client-side and/or server-side authentication of player inputs, player data, or player game state in the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 101:**

All documents relating to any decisions by Defendants whether or not to include functionalities involving any client-side and/or server-side Model-View-Controller architecture, including Model-View-ViewModel architecture in the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 102:**

All documents relating to the benefits or advantages of the Accused Instrumentalities, including without limitation of any Identification Service, any Ad Service, any functionalities involving caching, precaching, prefetching, or preloading of Advertisements, and Sign-On-Services,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

client-side and/or server-side authentication of player inputs, player data, or player game state in the Accused Instrumentalities, and client-side and/or server-side Model-View-Controller architecture, including Model-View-ViewModel architecture.

### REQUEST FOR PRODUCTION NO. 103:

All documents reflecting any economic or financial analyses relating to use of the Accused Instrumentalities, including without limitation use of any functionalities involving any Identification Service, any Ad Service, any functionalities involving caching, precaching, prefetching, or preloading of Advertisements, and Sign-On-Services, client-side and/or server-side authentication of player inputs, player data, or player game state in the Accused Instrumentalities, and client-side and/or server-side Model-View-Controller architecture, including Model-View-ViewModel architecture.

### REQUEST FOR PRODUCTION NO. 104:

All documents relating to Zynga's use of optimization techniques, including A/B testing, customer classification, customer segmentation, multi-variate experimentation, and customized tuning.

### REQUEST FOR PRODUCTION NO. 105:

All documents reflecting any analyses relating to the importance or benefits of the speed, latency, and bandwidth at which websites and mobile applications run, load, and/or provide Advertisements, including without limitation the reduction of interactions between clients and servers.

### REQUEST FOR PRODUCTION NO. 106:

All documents referring or relating to any surveys, testing, or feedback concerning any of the Accused Instrumentalities and/or functionalities thereof, including without limitation any functionalities involving Identification Services, Ad Services, caching, precaching, prefetching, or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

preloading of Advertisements, and Sign-On-Services, client-side and/or server-side authentication of player inputs, player data, or player game state in the Accused Instrumentalities, and client-side and/or server-side Model-View-Controller architecture, including Model-View-ViewModel architecture.

**REQUEST FOR PRODUCTION NO. 107:**

Documents sufficient to identify each instance in which a Person or entity has ever contended, in whole or in part, that any Accused Instrumentality infringes any United States Patent claim, including, without limitations, Your responses thereto.

**REQUEST FOR PRODUCTION NO. 108:**

All documents and communications created, filed, lodged, served, or exchanged in connection with any civil action, International Trade Commission proceeding, USPTO proceeding, PTAB proceeding, patent interference proceeding, appeal proceeding, or reissue or reexamination proceeding, whether inside or outside the United States, relating to any Accused Instrumentality, including pleadings, affidavits, declarations, reports, discovery requests or responses, initial disclosures, local rule or patent local rules disclosures, infringement contentions, damages contentions, orders, deposition or hearing transcripts, trial transcripts, motions, briefs, letters, expert reports, demonstratives, exhibits, e-mails, and subpoenas.

**REQUEST FOR PRODUCTION NO. 109:**

All documents showing the architecture of the servers and client devices that store and execute the Accused Instrumentalities' applications, including the portions of an application identified or characterized as its model, view, or controller.

**REQUEST FOR PRODUCTION NO. 110:**

All documents that identify and describe the updates, releases, and/or version changes to the Accused Instrumentalities.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 111:**

Documents sufficient to describe Defendants' electronic data and document retention policies.

**REQUEST FOR PRODUCTION NO. 112:**

All agreements between You and any third party concerning the use of any Identification Service or Ad Service, or any other presentation of Advertisements with the Accused Instrumentalities.

**REQUEST FOR PRODUCTION NO. 113:**

All documents identified and referenced in Exhibit 1 to the March 9, 2023, deposition of Mr. Patrick Mok, including, without limitation, "technical documents" for "Empires & Puzzles" (*e.g.*, "technical presentations," "Architecture overview documents," and "how to documents."), "GOT Slots" (*e.g.*, "architecture & design documents" and "roadmaps & release plans"), "WOZ Slots" (*e.g.*, "architectural documents" and "architectural review zoom recordings"), "Harry Potter" (*e.g.*, "architecture design documents" and "game Design documents"), "CSR2" (*e.g.*, "architecture documents" and "architecture zoom videos"), "Spades Plus" (*e.g.*, "Github input/output/ Json messages for client/server"), "Merge Dragons" (*e.g.*, "documentation onhow [sic] systems work" and "new hire training videos"), "WWF2" (*e.g.*, "architecture documents," "produce specifications," "wireframes," "user flows," "qa test plans," and "best practices"), "FV2CE" (*e.g.*, "design documents," "features," "architecture documents," "knowledge transfer," and "zoom recordings"), "Poker" (*e.g.*, "architecture documents," "feature specs," "requests from product team," and "UI/UX attachement [sic]"), "Golf Rival" (*e.g.*, "server architecture," "api specifications," "development process on server side," "read me file," and "battle server specifications"), "ZADE" (*e.g.*, "implementation technical documentation," "how system works," "architectural documents & diagrams," "tech briefs," "release notes," and "release documentation"), "ZIS" (*e.g.*, "technical

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

specification documents," "saved recordings from tech talks," and "readme from MS and JSON files"), and "ChartBoost" (*e.g.*, "technical design documents," "wireframe diagrams," "architecture," "product requirements," "release notes," "how to," and "how things work").

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Lindsey E. Miller
Tamir Packin
Jordan N. Malz
Jonas R. McDavit
Edward Geist
Raymond N. Habbaz
William Vieth
Benjamin Rodd
Amy I. Wann
Kyle G. Petrie
Caitrianne Feddeler
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: March 13, 2023

By: */s/ Kyle G. Petrie*

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff International Business
Machines Corporation*

## <u>CERTIFICATE OF SERVICE</u>

     I, Kyle G. Petrie, hereby certify that on March 13, 2023, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

### <u>VIA ELECTRONIC MAIL</u>

Clement Seth Roberts
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
croberts@orrick.com

Alyssa Caridis
Jake O'Neal
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street Suite 3200
Los Angeles, CA 90017
acaridis@orrick.com
jake.oneal@orrick.com

Richard F. Martinelli
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York 10019
rmartinelli@orrick.com

Evan D. Brewer
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
ebrewer@orrick.com

Geoffrey Moss
Orrick, Herrington & Sutcliffe LLP
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
gmoss@orrick.com

Brian E. Farnan
Michael J. Farnan
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

                                              */s/ Kyle G. Petrie*
                                              Kyle G. Petrie

# HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# EXHIBIT 6

| From: | Seccombe, Justin |
| --- | --- |
| To: | Kyle Petrie |
| Cc: | Zynga-IBM_OHS; Brian Farnan; Michael Farnan; B Palapura; David Moore; Childers, Christopher; IBM Zynga Service |
| Subject: | RE: IBM v. Zynga - Zynga"s Objections and Responses to IBM"s Second 30(b)(6) Notice of Deposition |
| Date: | Thursday, July 6, 2023 10:44:16 AM |
| Attachments: | image001.jpg |
| | image002.png |
| | image003.jpg |
| | 2023-07-05 DRAFT IBM-Zynga Discovery Letter Regarding 30(b)(6) (Zynga Edits).docx |

Your attachments have been security checked by Mimecast Attachment Protection. Details of potentially unsafe files have been attached.

Kyle,

Our redlines to your draft letter are contained in the attached. The second 30(b)(6) notice was not substantively discussed on our June 16, 2023 call so we have updated the letter accordingly.

Thanks,

**Justin Seccombe**
T +1 312-924-9853
jseccombe@orrick.com

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Wednesday, July 5, 2023 11:31 AM
**To:** Seccombe, Justin <jseccombe@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>; Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>; Childers, Christopher <cchilders@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>
**Subject:** RE: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of Deposition

Justin:

Following up from our meet and confer from Friday (6/30), IBM understands that the parties are at an impasse with respect to Topics 11, 13, and 15–23 from IBM's Second 30(b)(6) Deposition Notice served 5/24.  Accordingly, please find attached a draft joint letter requesting a discovery conference on this issue.  Let me us know if Zynga has any edits.

Sincerely,

Kyle

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>

**Sent:** Thursday, June 29, 2023 1:21 PM
**To:** Seccombe, Justin <jseccombe@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>;
Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David
Moore <dmoore@potteranderson.com>; Childers, Christopher <cchilders@orrick.com>; IBM Zynga
Service <IBMZyngaService@desmaraisllp.com>
**Subject:** RE: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of
Deposition

Justin:

IBM is available to meet and confer at 1pm tomorrow (6/30) regarding its second 30(b)(6)
deposition notice.  As it sounds like the parties are likely to be at an impasse on this issue,
please ensure local counsel for Zynga will be on the call.  I will circulate a meeting invite
shortly.

Sincerely,

Kyle

---

**From:** Seccombe, Justin <jseccombe@orrick.com>
**Sent:** Thursday, June 29, 2023 12:50 PM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>;
Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David
Moore <dmoore@potteranderson.com>; Childers, Christopher <cchilders@orrick.com>; IBM Zynga
Service <IBMZyngaService@desmaraisllp.com>
**Subject:** [Ext] RE: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice
of Deposition

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you
recognize the sender and have confidence the content is safe.**

---

Kyle,

As was explained over the phone during our meet and confer on June 16, as well as in
emails dated June 21 and 26, Zynga never represented that it would be in a position to
produce certain requested financial and telemetry documents responsive to RFP Nos. 91-
113 on June 16, 2023. Again, this is the very reason why we took time on our call that very
day to describe the challenges in the collection process amongst the non-centralized and
largely independent game teams. Despite your claims, Zynga has not obstructed discovery
in this case. Zynga is proceeding diligently with discovery and has produced over 20,000
responsive documents to date and continues to engage in a rolling production as
documents are identified and processed (much like IBM is doing). As IBM is aware, the
court's Amended Scheduling Order states that "[d]ocument production shall be substantially
completed by **August 31, 2023**," a deadline more than two months away at this time and

one that Zynga remains on track to hit. Nonetheless, with respect to the financial documents that Zynga is currently collecting, production of those materials remains on target for early July, as was reiterated to you many times.

As for IBM's second 30(b)(6), Zynga's response remains the same. Zynga will designate one or more witnesses to provide non-privileged testimony on topics 12 and 14, but Zynga will not be making individuals available for a deposition more than once in this case. With respect to the remaining topics, and for the reasons stated in Zynga's Joint Response and Objections to IBM's Second Rule 30(b)(6) Notice of Deposition, Zynga will not designate a witness to provide testimony as these topics improperly seek discovery on discovery. We are happy to meet and confer again on this issue at your convenience this Friday between 1:00pm and 4:00pm ET.

Best,

**Justin Seccombe**
T +1 312-924-9853
jseccombe@orrick.com

---

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Tuesday, June 27, 2023 10:59 PM
**To:** Seccombe, Justin <jseccombe@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>; Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>; Childers, Christopher <cchilders@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>
**Subject:** RE: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of Deposition

**This message originated from outside your organization**

---

Hi Justin,

As explained in my previous email, IBM was willing to postpone its second noticed 30(b)(6) deposition because it understood that Zynga would produce documents responsive to RFP Nos. 92-113 on June 16, 2023. Not only did Zynga fail to produce responsive documents by that date, but Zynga will not agree to produce said documents by July 7 or provide a date when it will complete its production.  Zynga cannot continue to prejudice IBM by obstructing discovery in this case.  Accordingly, please designate a witness to testify regarding Topics 11, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 and provide their availability for a deposition before July 11, 2023.  If Zynga refuses to make a witness available to testify regarding these Topics, please provide your availability to meet and confer with local counsel before the end of the week so that IBM can seek relief from the Court.

Sincerely,

Kyle

**From:** Seccombe, Justin <[jseccombe@orrick.com](mailto:jseccombe@orrick.com)>
**Sent:** Monday, June 26, 2023 11:15 AM
**To:** Kyle Petrie <[KPetrie@desmaraisllp.com](mailto:KPetrie@desmaraisllp.com)>
**Cc:** Zynga-IBM_OHS <[Zynga-IBM_OHS@orrick.com](mailto:Zynga-IBM_OHS@orrick.com)>; Brian Farnan <[bfarnan@farnanlaw.com](mailto:bfarnan@farnanlaw.com)>;
Michael Farnan <[mfarnan@farnanlaw.com](mailto:mfarnan@farnanlaw.com)>; B Palapura <[bpalapura@potteranderson.com](mailto:bpalapura@potteranderson.com)>; David
Moore <[dmoore@potteranderson.com](mailto:dmoore@potteranderson.com)>; Childers, Christopher <[cchilders@orrick.com](mailto:cchilders@orrick.com)>; IBM Zynga
Service <[IBMZyngaService@desmaraisllp.com](mailto:IBMZyngaService@desmaraisllp.com)>
**Subject:** [Ext] RE: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice
of Deposition

**EXTERNAL EMAIL** This email originated from outside the company. Do not click on any link unless you
recognize the sender and have confidence the content is safe.

Kyle, Zynga does not wish to continue with a repeated and an entirely unnecessary back-
and-forth when Zynga's position on everything you outlined below was made abundantly
clear during our June 16th call. And during that call, you agreed to Zynga's stated positions
until such time as you could review the forthcoming materials from Zynga (which are still
forthcoming). Nonetheless, as a refresher, we have provided responses below in red.

***

Hi Justin,

Thank you for your email.

Zynga cannot continue delaying discovery in this case.  As explained during our meet and confer and
in my email, IBM served Requests for Production Nos. 92-113 seeking documents relating to
financials, metrics, and the benefits of the accused features ***over three months ago***.  Zynga's failure
to timely produce responsive documents throughout this case forced IBM—for a second time—to
serve a 30(b)(6) deposition notice relating to the identify and location of documents that are
responsive to its RFPs.

Again, Zynga is not delaying and has never delayed discovery in this case. As we stated in our June 21
email, Zynga has produced tens of thousands of responsive documents to IBM and continues to
produce responsive materials as they are collected and reviewed. And as Curtis recently explained
on our meet and confer call, Zynga's game teams are not centralized and operate largely
independently, meaning the process of collecting responsive documents takes a significant amount
of time.

*First*, in your email, you state that Zynga has produced responsive documents, including documents
relating to the benefits of the accused features.  To the extent Zynga is representing that it has
completed its intended production of documents relating to the benefits of the accused features in
response to RFP Nos. 93, 96-102, 105, and 106, please provide your availability on **Friday, June 23 or**

**Monday, June 26**, to meet and confer regarding IBM's second 30(b)(6) deposition notice as it relates to documents showing the benefits of the accused features.

Zynga has never represented and is not representing that it has completed its intended production of documents relating to the benefits of the accused features. This was made clear on our June 16 meet and confer. Again, Zynga has already produced numerous documents relating to the benefits of the accused features. And to reiterate, we explained that Zynga is in the process of investigating whether other responsive documents exist. To the extent any other responsive documents are in Zynga's possession, custody, or control and can be located after a reasonable search, they will be promptly produced to IBM as Zynga has done throughout this litigation. Accordingly, because Zynga, disagrees with IBM's characterization of its position on this item, and further does not believe the parties to be at an impasse, Zynga does not believe a meet and confer call is necessary at this time.

*Second*, IBM agreed to postpone its second noticed 30(b)(6) deposition based on the understanding that Zynga was producing documents responsive to RFP Nos. 92-113 on June 16, 2023. Zynga's June 16, 2023 production does not appear to include documents responsive to those requests and, thus, IBM cannot postpone seeking its requested discovery any further. Please confirm that Zynga will complete its production of documents related to financials, metrics, and the benefits of the accused products by **July 7, 2023**. If Zynga cannot confirm that it will complete production by that date, please provide your availability on **Friday, June 23 or Monday, June 26**, to meet and confer so that IBM may move the Court to compel production of documents relating to financials, metrics, and the benefits of the accused features.

IBM's characterization of this item continues to be incorrect. Zynga never stated that the June 16th production would include any documents related to financials, metrics, and the benefits of the accused products. Rather, Zynga stated *the exact opposite, i.e.* that it remained in the process of diligently collecting such materials and that it hoped to have the first portion of them, the financial documents, ready for production to IBM in early July. Zynga has been forced to repeatedly explain why it is so time consuming to produce such materials, including as recently as the meet and confer, when Curtis spent considerable time reiterating the same explanation that has been conveyed for months. IBM expressed an understanding of the burden on Zynga with respect to those documents. There are far too many moving pieces to be coordinated for Zynga to "confirm" that such documentation will be produced on July 7, 2023. As Zynga has now stated both over the phone and in writing to you, Zynga believes that sometime in early July, potentially on or around July 7, 2023, is a realistic timeline for production. However, again, we cannot *guarantee* that Zynga will have produced financial documents by this arbitrary deadline. We are proceeding diligently and remain in accordance with the scheduling order. While we do not believe a meet and confer is needed on this point, if you insist one is necessary, we can make ourselves available in the afternoon on Tuesday June 27, 2023.

*Third*, regarding the 30(b)(6) deposition notice topics, IBM has repeatedly explained the relevance, including Zynga's repeated and continued delay producing documents in this case. Indeed, despite the Court's Dec. 2, 2022 Order regarding technical documents and Zynga's represented compliance, Zynga continued to produce core technical documents only after IBM's 30(b)(6) deposition on technical documents, including its production for last week.

Again, as was stated previously, Zynga believes that many of the 30(b)(6) deposition notice topics are premature and do not bear any relevance to issues in this case. To that end, IBM has not identified any current issues with the collection of documents referenced in the second 30(b)(6) notice outside of pure speculation. Zynga anticipates that production to be forthcoming shortly, as you were made aware during the meet and confer and again in our June 22 email. And as noted, Zynga is willing to consider putting up a witness for the additional noticed topics if IBM can articulate some relevance to the requests.

Sincerely,

Kyle

**Justin Seccombe**
T +1 312-924-9853
jseccombe@orrick.com

---

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Thursday, June 22, 2023 4:29 PM
**To:** Seccombe, Justin <jseccombe@orrick.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>; Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>; Childers, Christopher <cchilders@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>
**Subject:** RE: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of Deposition

Hi Justin,

Thank you for your email.

Zynga cannot continue delaying discovery in this case.  As explained during our meet and confer and in my email, IBM served Requests for Production Nos. 92-113 seeking documents relating to financials, metrics, and the benefits of the accused features ***over three months ago***.  Zynga's failure to timely produce responsive documents throughout this case forced IBM—for a second time—to serve a 30(b)(6) deposition notice relating to the identify and location of documents that are responsive to its RFPs.

*First*, in your email, you state that Zynga has produced responsive documents, including documents relating to the benefits of the accused features.  To the extent Zynga is representing that it has completed its intended production of documents relating to the benefits of the accused features in response to RFP Nos. 93, 96-102, 105, and 106, please provide your availability on **Friday, June 23 or Monday, June 26**, to meet and confer regarding IBM's second 30(b)(6) deposition notice as it relates

to documents showing the benefits of the accused features.

*Second*, IBM agreed to postpone its second noticed 30(b)(6) deposition based on the understanding that Zynga was producing documents responsive to RFP Nos. 92-113 on June 16, 2023.  Zynga's June 16, 2023 production does not appear to include documents responsive to those requests and, thus, IBM cannot postpone seeking its requested discovery any further.  Please confirm that Zynga will complete its production of documents related to financials, metrics, and the benefits of the accused products by **July 7, 2023**.  If Zynga cannot confirm that it will complete production by that date, please provide your availability on **Friday, June 23 or Monday, June 26**, to meet and confer so that IBM may move the Court to compel production of documents relating to financials, metrics, and the benefits of the accused features.

*Third*, regarding the 30(b)(6) deposition notice topics, IBM has repeatedly explained the relevance, including Zynga's repeated and continued delay producing documents in this case.  Indeed, despite the Court's Dec. 2, 2022 Order regarding technical documents and Zynga's represented compliance, Zynga continued to produce core technical documents only after IBM's 30(b)(6) deposition on technical documents, including its production for last week.

Sincerely,

Kyle

**From:** Seccombe, Justin <jseccombe@orrick.com>
**Sent:** Wednesday, June 21, 2023 8:09 PM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>; Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>; Childers, Christopher <cchilders@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>
**Subject:** [Ext] RE: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of Deposition

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.**

Kyle, please see Zynga's responses to your summary in red below:

\*\*\*

Hi Chris,

I write to memorialize our June 16, 2023 meet and confer regarding Defendants' Objections and Responses to IBM's 30(b)(6) Notice of Deposition. If Zynga disagrees with IBM's understanding below, please let me know.

*First*, regarding IBM's May 24, 2023, 30(b)(6) deposition notice, IBM reiterated that it was forced to serve that notice because of Zynga's continued failure to produce responsive documents to RFPs IBM served over three months ago. Zynga indicated that it would consider putting up a witness on the noticed topics, if necessary, after it was finished searching for and producing documents responsive to IBM's requests. Zynga indicated it was making a production on June 16, 2023. In light of Zynga's representations, IBM agreed to postpone the 30(b)(6) deposition until after Zynga had finished producing documents responsive to IBM's requests.  However, IBM has reviewed Zynga's June 16 production and it does not appear to contain any documents related to financials or the benefits of the accused features. Accordingly, please provide a date certain by which Zynga will produce the requested documents.  If Zynga cannot provide a date by which it will complete its production, please provide your availability to meet and confer <u>on Friday, June 23</u> so that the parties can discuss whether IBM needs to move the Court to compel production of the requested documents.

<span style="color:red">There are several statements within this paragraph with which Zynga disagrees. First, Zynga completely disagrees that there has been a failure to produce responsive documents to IBM's requests for production. Zynga has already produced over 20,000 responsive documents and continues to produce responsive materials as they are collected and reviewed. That process takes longer than normal because Zynga's game teams are not centralized and operate largely independently. IBM's impatience with the process does not mean Zynga has failed to comply with its discovery obligations. Second, Zynga stated it would put up a witness only on the two identified noticed topics from its Response. As for the remainder, Zynga explained that it was still in the process of producing responsive material, and that ***after*** such productions were completed, Zynga would consider putting up a witness for the additional noticed topics if IBM can articulate some relevance to the requests (which it has not yet done and which would arguably be premature before any of the forthcoming productions are made to IBM). Third, Zynga never indicated that a June 16, 2023 production would include financials or documents on the benefits of the accused features. Quite the opposite, Zynga specifically said that it was *still in the process of collecting financials for production to IBM*, and that it anticipated it would most likely have those ready for production in early July. Zynga indicated that such a timetable is required because collection of the requested information is incredibly burdensome. IBM agreed to Zynga's proposed timeline on the call. Further, Zynga has already produced to IBM documents speaking to the benefits of the accused features. As was stated on the call, Zynga continues to believe that financial documents will be in IBM's possession by early July. Accordingly, Zynga does not believe the parties to be at an impasse on the issue or that a further meet and confer call is necessary at this time.</span>

*Second*, regarding Zynga's position on the '346 patent claims, Zynga confirmed that it was not limiting its search and production of responsive documents to the benefits of account creation to Zynga, but agreed to search for and produce documents relating to the benefit of user sign in to Zynga.  IBM looks forward to hearing back from Zynga regarding the existence of such documents and a date certain by which they will be produced.

<span style="color:red">You are correct that Zynga agreed to search for and produce responsive documents, to the extent any exist and are reasonably obtainable within Zynga's possession, detailing the financial benefit of user sign in to Zynga. With respect to the timing of such a production, we are still investigating whether any responsive documents exist. Until that has been determined, and any associated document population size has been identified, Zynga will not be able to provide a date by which any such documents can be produced to IBM.</span>

Sincerely,

Kyle

**Justin Seccombe**
T +1 312-924-9853
<u>jseccombe@orrick.com</u>

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Tuesday, June 20, 2023 5:12 PM
**To:** Childers, Christopher <cchilders@orrick.com>; IBM Zynga Service
<IBMZyngaService@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>;
Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David
Moore <dmoore@potteranderson.com>
**Subject:** Re: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of
Deposition

**This message originated from outside your organization**

Hi Chris,

I write to memorialize our June 16, 2023 meet and confer regarding Defendants' Objections and
Responses to IBM's 30(b)(6) Notice of Deposition. If Zynga disagrees with IBM's understanding below,
please let me know.

*First*, regarding IBM's May 24, 2023, 30(b)(6) deposition notice, IBM reiterated that it was forced to serve
that notice because of Zynga's continued failure to produce responsive documents to RFPs IBM served
over three months ago. Zynga indicated that it would consider putting up a witness on the noticed topics,
if necessary, after it was finished searching for and producing documents responsive to IBM's requests.
Zynga indicated it was making a production on June 16, 2023. In light of Zynga's representations, IBM
agreed to postpone the 30(b)(6) deposition until after Zynga had finished producing documents
responsive to IBM's requests.  However, IBM has reviewed Zynga's June 16 production and it does not
appear to contain any documents related to financials or the benefits of the accused features.
 Accordingly, please provide a date certain by which Zynga will produce the requested documents.  If
Zynga cannot provide a date by which it will complete its production, please provide your availability to
meet and confer on Friday, June 23 so that the parties can discuss whether IBM needs to move the Court
to compel production of the requested documents.

*Second*, regarding Zynga's position on the '346 patent claims, Zynga confirmed that it was not limiting its
search and production of responsive documents to the benefits of account creation to Zynga, but agreed
to search for and produce documents relating to the benefit of user sign in to Zynga.  IBM looks forward
to hearing back from Zynga regarding the existence of such documents and a date certain by which they
will be produced.

Sincerely,

Kyle

---

**From:** Kyle Petrie
**Sent:** Wednesday, June 14, 2023 3:20:45 PM
**To:** Childers, Christopher <cchilders@orrick.com>; IBM Zynga Service
<IBMZyngaService@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>;
Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David
Moore <dmoore@potteranderson.com>
**Subject:** RE: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of

Deposition

Chris:

Friday at 4:30pm ET works for IBM.  If that still works for Zynga, I will circulate an invite.

Thanks,

Kyle

---

**From:** Childers, Christopher <cchilders@orrick.com>
**Sent:** Wednesday, June 14, 2023 11:50 AM
**To:** Kyle Petrie <KPetrie@desmaraisllp.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>; Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>
**Subject:** [Ext] RE: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of Deposition

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.**

---

Hi Kyle,

We can be available after 3 PM ET on Friday.  Alternatively, we are available Monday between 12 PM ET – 3 PM ET.

Let us know what works,

Chris

---

**From:** Kyle Petrie <KPetrie@desmaraisllp.com>
**Sent:** Tuesday, June 13, 2023 5:42 PM
**To:** Childers, Christopher <cchilders@orrick.com>; IBM Zynga Service <IBMZyngaService@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>; Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>
**Subject:** RE: IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of Deposition

Chris:

Please provide your availability to meet and confer on Friday, June 16 regarding Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of Deposition.

Sincerely,

Kyle

---

**From:** Childers, Christopher <cchilders@orrick.com>
**Sent:** Tuesday, June 13, 2023 5:06 PM
**To:** IBM Zynga Service <IBMZyngaService@desmaraisllp.com>
**Cc:** Zynga-IBM_OHS <Zynga-IBM_OHS@orrick.com>; Brian Farnan <bfarnan@farnanlaw.com>; Michael Farnan <mfarnan@farnanlaw.com>; B Palapura <bpalapura@potteranderson.com>; David Moore <dmoore@potteranderson.com>
**Subject:** IBM v. Zynga - Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of Deposition

Your attachments have been security checked by Mimecast Attachment Protection. Files where no threat or malware was detected are attached.

---

Dear Counsel,

Please see attached for Zynga's Objections and Responses to IBM's Second 30(b)(6) Notice of Deposition.

Thank you,

Chris Childers

**Chris Childers**
Associate
IP Litigation

Orrick
Washington, DC
T 202-339-8441
M 256-503-2270
cchilders@orrick.com

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message

from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.