IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>Plaintiff,<br><br>v.<br><br>ZYNGA INC., and CHARTBOOST, INC.,<br><br>Defendants. | Civil Action No. 22-590-GBW |

## MEMORANDUM ORDER

Before the Court is Defendants Zynga Inc. and Chartboost Inc.'s (collectively, "Zynga") Motion to Stay the proceedings in the instant patent infringement case (D.I. 175, the "Motion,"), which is opposed by Plaintiff International Business Machines Corp. ("IBM"). Zynga seeks a stay of aspects of this action related to U.S. Patent No. 7,631,346 ("the '346 patent") pending review by the Federal Circuit of *Inter Partes* review (IPR) proceedings which found most of the asserted claims unpatentable. For the reasons set out below, Zynga's Motion is **GRANTED**.

On May 2, 2022, IBM filed its complaint against Zynga alleging infringement of "one or more claims" from the '346 Patent and three other asserted patents, which cover distinct technologies. D.I. 1. On October 25, 2022, the PTAB instituted an IPR on claims 1-20 of the '346 patent. *Zillow et al., v. International Business Machines Corp.*, IPR2022-00646, Paper 10 (Oct.

1

25, 2022). On October 11, 2023, the PTAB issued a final written decision in IPR 2022-00646[1] holding that claims 1-4, 12-16, and 18-19 of the '346 patent were shown to be unpatentable, while claims 5-11, 17, and 20 were not shown to be unpatentable. *Zillow*, IPR 2022-0646, Paper 56, at 3. Of the claims asserted in this litigation, seven claims were found unpatentable while four claims (5, 8, 10, and 11) were upheld. IBM has elected not to drop its patent claims stemming from the invalidated claims. D.I. 176 at 3.

## I. LEGAL STANDARD

A court has discretionary authority to grant a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

## II. DISCUSSION

The first factor—whether granting the stay will simplify the issues for trial—favors a stay. The Court and the parties expending resources on seven claims already found unpatentable, which are on appeal at the Federal Circuit, would be wasteful. *Novartis AG v. HEC Pharm Co. Ltd.*, 183 F. Supp. 3d 560, 562 (D. Del. 2016) ("[I]t would be complicated and potentially wasteful for the Court to litigate [the '346 patent] at the same time as the Federal Circuit is reviewing its validity.").

---

[1] And its parallel IPR, IPR 2023-00259.

Should the Federal Circuit affirm that those claims are unpatentable, the decision would eliminate all issues associated with those claims. On the other hand, should the Federal Circuit reverse the PTAB, Zynga has agreed that it will not assert the invalidity grounds that the PTAB rejected in its Final Written Decision relevant to claims 5, 8, 10 and 11. D.I. 205 at 4; *cf. CallWave Commc'ns, LLC v. AT&T Mobility, LLC*, No. 12-1701- RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015) (granting stay when defendants "have stipulated that they will not assert . . . any prior art combinations that are relied upon by the PTAB.").

IBM contends that the issues in this case will not be simplified by a stay, because there are remaining dependent claims which rely on the invalidated independent claim 1. Thus, according to IBM, the Court and the parties will have to address claim 1 anyway. D.I. 194 at 8. However, the Court first notes that IBM continues to assert six claims that the PTAB found unpatentable, and those claims are not connected to any other claim. D.I. 176 at 3. Also, the Federal Circuit's analysis of the construction of claim 1 will be helpful to the Court and the parties in analyzing infringement and invalidity with respect to the surviving dependent claims. *Personal Genomics Taiwan, Inc. v. Pacific Biosciences of California, Inc.*, No. 19-1810-GBW-MPT, 2022 WL 4245532, at *2 (D. Del. Sept. 15, 2022) ("Judicial efficiencies would be gained by staying this case rather than have this Court and the Federal Circuit address [claim construction] in parallel."); *cf. Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, No. 12-1461- LPS-CJB, 2015 WL 219019, at *3 (D. Del. Jan. 14, 2015) ("[A] finding by the PTAB that [independent claims] are invalid could simplify the invalidity analysis of [dependent claims]"). Therefore, the Court is persuaded that simplification of the issues for trial will result from a stay pending decision by the Federal Circuit.

3

IBM also argues that no issue simplification would outweigh the potential cost of two trials. D.I. 194 at 11. The Court, however, is not persuaded by IBM's argument, given that the '346 patent does not share technology, named inventors, or damages calculations with any of the other asserted patents. Waiting for the Federal Circuit's ruling will help avoid inconsistent rulings and provide additional clarity. Accordingly, this factor weighs in favor of a stay.

The second factor—the stage of the litigation—weighs in favor of a stay because "the most burdensome stages of the cases—completing fact discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019). In this case, fact discovery is ongoing (indeed, only one deposition has been taken), expert discovery has not yet begun, and dispositive motions and trial preparation have yet to begin. D.I. 176 at 7. "[T]he bulk of the expenses that the parties would incur . . . is still in the future." *Id.* (internal citations omitted). *IOENGINE, LLC*, 2019 WL 3943058, at *5. This case is thus unlike *Int'l Bus. Mach. Corp. v. Groupon, Inc.*, C.A. No. 16-122-LPS, 2018 WL 3007662, at *1-3 (D. Del. June 15, 2018), where Judge Stark denied a stay one month before trial because the cost of two trials would be great. *See also International Business Machines Corp. v. Rakuten, Inc.*, No. 21-461-GBW, D.I. 230 at 23 (D. Del. Dec. 22, 2022) (granting a stay despite the potential of serial litigation). Here, there is far less risk of duplication of work across trials than there was in *Groupon*, given the early stage of litigation. Thus, the second factor weighs in favor of a stay.

The third factor—whether a stay would cause non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage—also weighs slightly in favor a stay. In assessing prejudice, courts consider "(1) the timing of the request for review; (2) the

4

timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871-LPS, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019). The timing of the request for review is out of Zynga's control, but is within IBM's control. D.I. 176 at 9. Thus, there is no reason to think that the timing of a notice of appeal would prejudice IBM. *Id.* The timing of the request for a stay weighs against a stay— the IPR was instituted a year ago, and Zynga waited to move for a stay until after a final written decision upheld some of the challenged claims. While Zynga has now agreed not to re-raise prior art arguments present in the IPR, it could have raised those arguments had the PTAB found that more claims were not shown to be unpatentable. *See* 35 U.S.C. § 315(e)(2). However, any prejudice has been largely cured, and there is no *per se* rule that a stay must be rejected when a party moves for a stay after a final written decision. *See, e.g., Novartis AG v. HEC Pharm. Co. Ltd.*, 183 F. Supp. 3d 560, 562 (D. Del. 2016). Indeed, this Court routinely stays cases after institution and keeps them stayed until after a Federal Circuit appeal has concluded. *See, e.g., Personal Genomics Taiwan*, 2022 WL 4245532, at *2; *Volvo Penta of the Americas, LLC, v. Brunswick Corp.*, No. 20-cv-01678-GBW (D. Del.).

Moreover, the relationship of the parties and the nature of any alleged prejudice from the stay also weigh in favor of a stay. IBM and Zynga are not competitors, and the only prejudice Zynga has identified is that monetary damages may be delayed. *See* D.I. 194 at 14-15. A showing of undue prejudice requires more than a "mere potential delay of litigation." *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013). Any purported harm that IBM suffers from a stay can be fully compensated by monetary damages. Thus, the Court finds that the third factor weighs slightly in favor of a stay given that any alleged prejudice from the stay is able to be compensated with monetary damages.

## III. CONCLUSION

Each of the three factors favors a stay. The possibility of issue simplification—and realizing such a benefit at an early stage—is compelling to warrant a stay of this litigation. Any undue prejudice suffered by Plaintiff is minimal and can be adequately remedied with money damages.

Therefore, at Wilmington this 30th day of November 2023, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay, *see* D.I. 175, is **GRANTED**:

                                                        GREGORY B. WILLIAMS
                                                        UNITED STATES DISTRICT JUDGE