# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) C.A. No. 22-590-GBW |
| v. | ) ) **JURY TRIAL DEMANDED** |
| ZYNGA INC., and CHARTBOOST, INC., | ) ) **PUBLIC VERSION** ) |
| Defendants. | ) |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS
FROM BINDU A. PALAPURA**

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Lindsey E. Miller
Tamir Packin
Jordan N. Malz
Jonas R. McDavit
Raymond N. Habbaz
William Vieth
Benjamin Rodd
Amy I. Wann
Kyle G. Petrie
Caitrianne Feddeler
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Tuhin Ganguly
Sumeet Dang
DESMARAIS LLP
1899 Pennsylvania Avenue NW, Suite 400
Washington, D.C. 20006
Tel: (202) 451-4900

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff International Business Machines Corporation*

Dated: January 12, 2024
11271153 / 00311.00032

Public Version Dated: January 19, 2024

Dear Judge Williams:

  Pursuant to the Court's January 11, 2024 Order, *see* D.I. 248, IBM submits this letter addressing the extent to which the parties must narrow their respective infringement and invalidity cases pursuant to the Court's Scheduling Order (*see* D.I. 214). Specifically, the case schedule requires IBM to perform its "First Narrowing of Asserted Claims" on January 19, 2024 and requires Defendants to perform their "First Narrowing of Invalidity References" on January 26, 2024. *See* D.I. 214. However, the schedule does not specify precisely how this narrowing should occur. To enable the parties to efficiently complete expert discovery—opening expert reports are due February 2—and prepare for trial, IBM proposes that IBM narrow to eight asserted claims per patent and Defendants narrow to no more than ten references per patent, where each obviousness combination counts as a separate reference. *See State Farm Mutual Automobile Ins. Co. v. Amazon.com, Inc. et al.*, 1-22-cv-01447-CJB, D.I. 32 (D. Del. Mar. 10, 2023) (ordering, for the purposes of narrowing the case, that "each obviousness combination counts as a separate prior art reference").[1] Although Defendants have agreed that narrowing to eight asserted claims per patent is appropriate, Defendants will only agree to narrow to sixteen prior art references per patent—with no limit on the number of obviousness combinations using those "references"—keeping the door open to thousands of different obviousness combinations in support of their invalidity case and undermining the purpose of case-narrowing.

  Defendants' refusal to limit the number of invalidity theories that they are pursuing is unworkable. For example, Defendants contend that the asserted '849 Patent is invalid as obvious over numerous "Exemplary Obviousness Combinations," such as combinations of the "BCIS 6.0 Manual" and "***any one or more of***" "BCIS 8.17 Manual", "Architecture", "BCIS", "Satyanarayanan", "Morris", "Caplinger", "Reference 7", "Interactive Architecture", "MIT EMAG Viewer", "Cedar", "Trintex", "ITC Project", "Telaction", "Videotex", "New York Times", "Simon", "Alber", "Wilson", "Power of NAPLPS", "Maurer", "Ball", "Flemming", "ANSI", "Salomon" "Gaujard", "Fellner", "Astle", "Ammar", "Abraham", "Freeman", "Ichioka", "Lemon", or "Theron." *See* Ex. A (Zynga Final Invalidity Contentions) at 27.[2] Each of these obviousness combinations presents individual issues that will need to be fleshed out in the course of expert discovery—*e.g.*, the motivation to combine each reference by a person of ordinary skill in the art. Yet, while Defendants' proposal would narrow the number of pieces of prior art in these combinations to sixteen, without a concrete limit on the number of invalidity theories, Defendants would be free to maintain their practice of combining each of the sixteen remaining pieces of prior art with "any one or more of" the others—leaving a staggering number of obviousness combinations in the case that must be addressed during expert discovery.

---

[1] Judge Stark similarly limited defendant to specific invalidity theories in the *Priceline* case, where a theory was either: a single-reference anticipation theory; a single-reference obviousness; an obviousness combination of references; or another specific theory that the asserted claims are invalid (*e.g.*, for lack of enablement or written description). *See Int'l Bus. Machs. Corp. v. Priceline Grp. Inc.,* C.A. No. 15-137-LPS-CJB, D.I. 65 at 10 n.3 (D. Del. Feb. 25, 2016).

[2] Although Defendants identify further "exemplary" obviousness combinations in claim charts attached to their invalidity contentions, those claim charts similarly disclose combining the charted reference "with one or more other prior art references identified in Defendants' Invalidity Contentions Cover Pleading." *See* Ex. B (Fellner Chart) at 3.

The Honorable Gregory B. Williams
January 12, 2024
Page 2

  Conversely, IBM's proposal that Defendants narrow to ten specific theories that each of the asserted patents are invalid will allow the parties to sharpen their disagreements relating to the actual invalidity presentation that Defendants will make at trial—which is highly unlikely to exceed two or three theories per patent. Indeed, several other cases in this District concerning the '849 Patent have already taken that approach, requiring the Defendants in those cases to narrow to "invalidity theories." *See Int'l Bus. Machs. Corp. v. Priceline Grp. Inc.,* C.A. No. 15-137-LPS-CJB, D.I. 65 at 10-11 (D. Del. Feb. 25, 2016) (requiring IBM to narrow to ten (10) asserted claims per patent and for Defendants to narrow to "fourteen (14) invalidity theories per patent" before the close of fact discovery and rejecting Defendants request to narrow to "prior art references against each patent"); *Int'l Bus. Machs. Corp. v. Expedia, Inc. et al*, C.A. No. 17-1875-LPS-CJB, D.I. 163 (D. Del. July 30, 2019) (ordering that, by the date set for the final invalidity contentions, Defendants reduce their invalidity theories to no more than 16 per patent and IBM reduce its asserted claims to no more than 20 total, and, within ten days of the close of expert discovery, Defendants further reduce their invalidity theories to no more than 9 per patent and IBM further reduce its asserted claims to 15 total). IBM's proposal of narrowing to eight asserted claims and ten invalidity theories per patent at the close of fact discovery is similar to those cases while accounting for the current stage of this litigation. Moreover, narrowing to ten invalidity theories per patent leaves Defendants with sufficient flexibility to vet different invalidity theories through expert discovery and then decide on which of those theories that they intend to present at trial.

  The sole basis that Defendants have offered to justify their position that the narrowing should apply to the number of pieces of prior art—not invalidity theories—is that the Court's schedule uses the language "First Narrowing of Invalidity References" when referring to Zynga's obligation to narrow its invalidity case. *See* D.I. 214. The Court should set Zynga's argument aside, for two reasons. *First*, although the language Zynga cites uses the word "Invalidity References," it does not specify how the narrowing must occur. And other courts in this District have held—consistent with IBM's approach—that "each obviousness combination counts as a separate prior art reference." *See also State Farm Mutual*, 1-22-cv-01447-CJB, at D.I. 32. *Second*, even if the language did support Zynga's position, it was entered long before Zynga had provided invalidity contentions for the asserted patents. *See* D.I. 31, ¶ 10. Accordingly, neither the parties nor the Court considered at that time that Zynga would later attempt to pursue innumerable obviousness combinations through expert discovery.

*   *   *

  Ultimately, both parties agree that this case requires significant narrowing. IBM's proposal will meaningfully narrow the issues in this case, while Defendants' proposal will force the parties to address an unreasonable number of different invalidity theories during expert discovery. The Court should adopt IBM's proposal.

The Honorable Gregory B. Williams
January 12, 2024
Page 3

                                          Respectfully,

                                          */s/ Bindu A. Palapura*

                                          Bindu A. Palapura

BAP:nmt/11271153/00311.00032

cc:     Clerk of Court (via hand delivery)
         Counsel of Record (via electronic mail)