# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Plaintiff,

v.

ZYNGA INC.,

    Defendant.

C.A. No. 22-cv-590-GBW

▬▬▬▬▬▬▬▬▬▬

## OPENING LETTER BRIEF IN SUPPORT OF MOTION TO STRIKE

Dated: February 20, 2024

Alyssa Caridis (admitted *pro hac vice*)
Jake O'Neal (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street Suite 3200
Los Angeles, CA 90017
(213) 629-2020
acaridis@orrick.com
jake.oneal@orrick.com

Clement S. Roberts (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
(415) 773-5700
croberts@orrick.com

Brian E. Farnan (Bar. No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Evan D. Brewer (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7343
ebrewer@orrick.com

Richard F. Martinelli (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York 10019
(212) 506-5000
rmartinelli@orrick.com

*Attorneys for Defendant Zynga Inc.*

Dear Judge Williams:

Pursuant to Paragraph 6 of the Court's Scheduling Order (D.I. 89), Defendant Zynga, Inc. ("Zynga") hereby moves to strike certain opinions from the Expert Report of Mr. Christopher Thompson ("Infr. Rpt."), served by Plaintiff International Business Machines Corp. ("IBM"). Kenyon Decl., Exs. 1 (excerpted copy), 12 (entire copy).

In its opening expert reports, IBM identifies Words With Friends 1 ("WWF1") and New Words With Friends ("NWWF") as games accused of infringing U.S. Patent No. 7,072,849 (the "'849 Patent"). IBM, however, never disclosed WWF1 and NWWF as accused games in its Complaint (D.I. 1), Preliminary Identification of Accused Products (Ex. 2), or cover pleadings to its Initial Infringement Contentions (Ex. 3) and Final Infringement Contentions (Ex. 4), and IBM never provided claim-by-claim infringement contentions for these games. Instead, IBM identified and charted its contentions for a different game, Words With Friends 2 ("WWF2"). Zynga therefore asks this Court to strike references to WWF1 and NWWF in at least ¶¶ 42-43, 183-85, 189 to the Infringement Report; ¶¶ 1, 3, 8, 26, 49, 69, 84, 110, 156, 165, 178, 186, 206, 234, 293, 331, 364, 389, 425, 494, 499, 510, 538 to Ex. C; ¶¶ 1, 3, 8, 21, 29, 57, 98-99, 136, 137, 191, 193-94, 238, 240, 274, 276, 302 to Ex. D; and all associated references in Exs. C-1 and D-1. *See* Ex. 1.

## I. IBM Failed to Disclose WWF1 and NWWF As Accused Products.

At no point, prior to expert discovery, did IBM provide Zynga with adequate notice that WWF1 and NWWF were accused of infringement:

- On May 2, 2022, IBM filed its Complaint against Zynga, in which IBM accused WWF2 but did not accuse WWF1 or NWWF. D.I. 1 ¶ 95.

- On September 21, 2022, IBM served its Preliminary Identification of Accused Products. IBM specifically listed WWF2, not WWF1 or NWWF. Ex. 2 at 1-4.

- On February 28, 2023, IBM served its Initial Infringement Contentions, in which the cover pleading provided a table that "defines the ''849 Accused Games.'" Ex. 3 at 5. Again, IBM specifically listed WWF2, not WWF1 or NWWF. *Id.* at 5-6.

- On November 13, 2023, IBM served its Final Infringement Contentions, in which the cover pleading again provided a table that "defines the ''849 Accused Games.'" Ex. 4 at 5. IBM specifically listed WWF2, not WWF1 or NWWF. *Id.* at 5-7.

Even though IBM never listed WWF1 or NWWF as accused products, on February 2, 2024, IBM's technical expert Mr. Thompson (and its other experts) identified WWF1 and NWWF as infringing the '849 Patent. *See, e.g.*, Infr. Rpt. ¶ 42. The Court should strike any reference to WWF1 and NWWF because "[o]pening expert reports are not the appropriate time to disclose new infringement allegations" or new infringing instrumentalities. *See TQ Delta, LLC v. ADTRAN, Inc.*, No. 14-954-RGA, 2019 WL 4346530, at *2 (D. Del. Sept. 12, 2019).

Based on the parties' February 15, 2024 conference, it appears that IBM plans to argue that WWF1 and NWWF were identified as accused products in IBM's infringement contentions. *See* Ex. 5 at 3. Zynga disagrees. IBM may cite its 511-page supplemental infringement claim chart,

1

served on August 31, 2023. In that document, IBM provided a table summarizing the "types of advertisements presented in the accused products," which uses the phrase "Words With Friends 2 / Words 3 / Words With Friends / New Words With Friends / WWF Instant Games." Ex. 6 at 5-7. But IBM did not supplement its cover pleading identifying the "Accused Games," which only listed WWF2. *See* Ex. 3 at 5-6; Ex. 6 at 1. IBM also did not provide claim-by-claim contentions for WWF1 and NWWF or explain why it listed these five different games together. In fact, for the rest of the 511-page document, IBM referred only to WWF2. *See, e.g.*, Ex. 6 at 79-80, 183-184.

IBM also may identify its 922-page and 1,565-page final infringement claim charts, served with its final cover pleading on November 13, 2023. These documents also contain a similar table that uses the phrase "Words With Friends 2 / Words 3 / Words With Friends / New Words With Friends / WWF Instant Games." Ex. 7 at 4; Ex. 8 at 15. But IBM still only listed WWF2 in its cover pleading that "define[d] the . . . Accused Games" (Ex. 4 at 5-6; Ex. 7 at 1; Ex. 8 at 1), and both of the claim charts also contain a "Representative Games" table that ***did not list*** WWF1 or NWWF (Ex. 7 at 1-2; Ex. 8 at 1-3). These documents also fail to provide claim-by-claim contentions for these games or explain why IBM has listed these five different games together.

Three references to the phrase "Words With Friends 2 / Words 3 / Words With Friends / New Words With Friends / WWF Instant Games"—which were inconsistent with IBM's cover pleadings and other tables in the claim charts—did not provide adequate notice to Zynga regarding IBM's infringement theories as to WWF1 and NWWF. A court in this District granted a motion to strike portions of an opening expert report in a similar situation because, *inter alia*, a few "incidental mention[s]" of certain products in plaintiff's infringement contentions "d[id] not provide the required claim-by-claim contentions" and "[in] no meaningful way … place[d] the defendants on notice that [they were] going to be charged . . . with [infringement]." *EON Corp. IP Holdings, LLC v. FLO TV Inc.*, No. 10-812 (RGA), 2013 WL 5890571, at *2 (D. Del. Aug. 28, 2013), *report and recommendation adopted,* 2013 WL 5883759 (D. Del. Oct. 30, 2013).

It appears that IBM also plans to argue that IBM is excused from providing adequate notice and proper contentions because WWF1, NWWF, and WWF2 are merely "different versions of the same game that work in the same way for the purpose of infringement." Ex. 5 at 3. IBM is wrong. Although these games were originally "█████████████████████████," each game is a separate application with different code and features. *See, e.g.*, Ex. 9 (01/09/2024 B. Lemer Dep. Tr.) at 227:3-17 ("The code reflected in [WWF1, NWWF, and WWF2] is selective based on the game. . . . [So] they all have different feature sets. And so different versions will include different aspects of the code."); Ex. 10 (12/20/2023 A. Ice Dep. Tr.) at 41:13-42:5 (explaining responses will "[a]lmost universally" differ for questions about WWF1, NWWF, and WWF2).

Moreover, IBM knows that this Court's Scheduling Order required IBM to provide claim-by-claim infringement contentions for "***each*** known accused product," even for products that are related. *See* D.I. 89 ¶ 3(c). Just last year, IBM moved to strike portions of Rakuten's expert reports in another case pending before this Court, arguing that Rakuten could not assert new infringement theories about a product it alleged was "a different version" of another product it had accused in its final infringement contentions. *See* Ex. 11 (08/02/23 IBM Letter Br.) at 3. IBM argued that "[a] patent holder may not merely allege infringement by a product series, but instead must allege infringement by specific products." *Id.* (citing *ASUS Comp. Int'l v. Round Rock Research, LLC*, No. 12-2099-JST, 2014 WL 1463609, at *7 (N.D. Cal. Apr. 11, 2014)). In fact, in this case, IBM

2

has separately identified other, related Zynga games as accused games and mapped them to the asserted claims. *See, e.g.*, Ex. 4 at 5-6 (identifying four different "Farmville" games of infringing).

Accordingly, IBM failed to provide Zynga with adequate notice before expert discovery that WWF1 and NWWF were accused of infringement.

## II. The *Pennypack* Factors Strongly Favor Exclusion.

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). IBM cannot show that its failure was substantially justified or harmless. For such analysis, courts in the Third Circuit consider the *Pennypack* factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld. *TQ Delta*, 2019 WL 4346530, at *1.

Regarding Factor (1), adding WWF1 and NWWF as accused games during expert discovery prejudices Zynga. Their late disclosure has robbed Zynga of the opportunity to investigate these new allegations and develop its own factual record, including reviewing the functionality and source code of these games, interviewing knowledgeable Zynga employees, providing deposition testimony, producing relevant documents, and developing non-infringement theories and non-infringing alternatives specific to those games. Zynga has had no opportunity to investigate when WWF1 and NWWF may have integrated accused functionality (i.e., cutting off damages) or the many potential material differences between the new games and WWF2 for purposes of infringement, including, for example, the extent to which WWF1 and NWWF (1) are "structured" by Zynga engineers and developers outside the United States, or (2) selectively supply offers for virtual items to users.

Regarding Factors (2) and (3), prejudice to Zynga cannot be cured and the trial date would be disrupted. Fact discovery has closed, and there is insufficient time to reopen it before dispositive motions are due. Even if reopening was possible, IBM has told Zynga that it will not agree to move the trial date. Reopening would also require "the expenditure of time and resources . . . that [Zynga] should not have to bear" after years of fact discovery. *See Pernix Ireland Pain DAC v. Alvogen Malta Ops. Ltd.*, No. 16-139-WCB, 2018 WL 2225113, at *6 (D. Del. May 15, 2018).

Regarding Factors (4) and (5), IBM clearly had every opportunity to accuse WWF1 and NWWF as these games have been publicly available to download since IBM filed its complaint. These new games are also not essential to IBM's case as IBM still alleges that sixty other games infringe, including WWF2. The prejudice to Zynga far outweighs the importance to IBM.

To the extent this Court applies a "good cause" standard (instead of *Pennypack*), IBM cannot show good cause or diligence. *See Chervon (HK) Ltd. v. One World Techs., Inc.*, No. CV 19-1293-GBW, 2023 WL 2372938, at *3 (D. Del. Mar. 6, 2023). As stated, these games have been publicly available since IBM filed its complaint, and IBM has not acted diligently to disclose these allegations, nor are they based on recently discovered information.

Accordingly, the Court should grant Zynga's Motion to Strike.

        Respectfully submitted,

        */s/ Brian E. Farnan*

        Brian E. Farnan

cc: Counsel of Record (via E-Mail)

4