# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZYNGA INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-590-GBW<br><br>**JURY TRIAL DEMANDED**<br><br> |

## ZYNGA INC.'S RESPONSE TO IBM CORP.'S CONCISE STATEMENT OF FACTS REGARDING ITS MOTION FOR SUMMARY JUDGMENT #1 OF NO ANTICIPATION FOR THE ASSERTED CLAIMS OF U.S. PATENT NO. 7,072,849

| | |
|---|---|
| Dated: April 22, 2024<br><br>Alyssa Caridis (admitted *pro hac vice*)<br>Geoffrey Moss (admitted *pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>355 S. Grand Avenue, Suite 2700<br>Los Angeles, CA 90071<br>(213) 629-2020<br>acaridis@orrick.com<br>gmoss@orrick.com<br>jake.oneal@orrick.com<br>Clement S. Roberts (admitted *pro hac vice*)<br>Will Melehani (admitted pro hac vice)<br>Sarah K. Mullins (admitted pro hac vice<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>(415) 773-5700<br>croberts@orrick.com<br>wmelehani@orrick.com<br>sarahmullins@orrick.com | Brian E. Farnan (Bar. No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>(302) 777-0301 (Fax)<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br>Evan D. Brewer (admitted *pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>(650) 614-7343<br>ebrewer@orrick.com<br>Richard F. Martinelli (admitted *pro hac vice*)<br>Brooks Kenyon (admitted pro hac vice)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY 10019<br>(212) 506-5000<br>rmartinelli@orrick.com<br>bkenyon@orrick.com<br>*Attorneys for Defendant Zynga Inc.* |

Pursuant to the Court's Scheduling Order (D.I. 89 ¶ 14(b)), Defendant Zynga Inc. ("Zynga") hereby responds to Plaintiff International Business Machines Corp.'s ("IBM") Statement of Material Facts In Support of Its Motion for Summary Judgment #1 (D.I. 296).

## I. RESPONSES TO IBM'S STATEMENT OF FACTS

1. **Undisputed**.

2. **Undisputed**.

3. **Undisputed** that the quoted language appears in *Chewy, Inc. v. International Business Machines Corp.*, 94 F.4th 1354, 1361 (Fed. Cir. 2024). **Disputed as to characterization** as, for example, IBM omits emphasis from the quoted language and paraphrases. *See, e.g.*, *id.* at 1361 ("The district court clarified its construction 'requires that the advertising objects be 'pre-fetched' in the sense that they are retrieved *before the user has requested the page* in connection with which they are to appear.'") (emphasis in original).

4. **Undisputed**.

5. **Undisputed**.

6. **Disputed**. Dr. Almeroth does not assert that Salomon (D.I. 297, Ex. 1B) anticipates asserted claims 1, 8, 9, 12, 13, 21, and 22 of the '849 patent. Ex. 1 (Almeroth Op.) ¶¶ 1456, 1475, 1612, 1667, 1670, 1681, 1688, 1698-99.[1] Dr. Almeroth asserts that Salomon (alone or in view of other prior art) renders these claims obvious. *Id.*

7. **Undisputed**.

8. **Disputed**. Dr. Almeroth asserts that the ▆▆▆▆▆▆▆▆ (D.I. 297, Ex. 1D) anticipates asserted claims 1, 8, 9, 13, 21, and 22 of the '849 patent. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 956, 1097, 1162, 1180, 1187, 1196. Dr. Almeroth does not assert that the ▆▆▆▆▆▆

---

[1] Unless otherwise noted, all exhibits cited herein are attached to the Declaration of Brooks J. Kenyon filed concurrently herewith.

anticipates claim 12. *Id.* ¶ 1165. Dr. Almeroth asserts that the ▮▮▮▮▮▮▮ (alone or in view of other prior art) renders claim 12 obvious. *Id.*

9. **Disputed as to characterization**. Dr. Almeroth opines that Salomon disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction and, therefore, provided an opinion based on the Court's construction to the extent that IBM and its experts' interpretation and application is in accordance with the Court's construction. Ex. 1 (Almeroth Op.) ¶¶ 1553-55.

10. **Disputed as to characterization**. Dr. Almeroth opines that Hurly (D.I. 297, Ex. 1C) disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction and, therefore, provided an opinion based on the Court's construction to the extent that IBM and its experts' interpretation and application is in accordance with the Court's construction. Ex. 1 (Almeroth Op.) ¶¶ 1282-84.

11. **Disputed as to characterization**. Dr. Almeroth opines that the ▮▮▮▮▮▮▮ disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction and, therefore, provided an opinion based on the Court's construction to the extent that IBM and its experts' interpretation and application is in accordance with the Court's construction. Ex. 1 (Almeroth Op.) ¶¶ 1026-28.

12. **Disputed as to characterization**, including IBM's use of the phrase "only analyzes." Dr. Almeroth analyzed whether Salomon disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1553-55.

13. **Disputed as to characterization**, including IBM's use of the phrase "only analyzes." Dr. Almeroth analyzed whether Hurly disclosed the "selectively storing" limitation

based on IBM and its experts' interpretation and application of the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1282-84.

14. **Disputed as to characterization**, including IBM's use of the phrase "only analyzes." Dr. Almeroth analyzed whether the ▮▮▮▮▮▮▮▮ disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1026-28.

15. **Disputed as to characterization**. Dr. Almeroth analyzed whether Salomon, Hurly, and the ▮▮▮▮▮▮▮▮ disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction, because Dr. Almeroth explained how these references teach storing (e.g., in cache) advertisements prior to displaying them to a user. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1026-28, 1282-84, 1553-55.

16. **Undisputed** that IBM and its experts' interpretation and application of the Court's construction of the "selectively storing" limitation does not meet the Court's construction of the "selectively storing" limitation.

17. **Disputed as to characterization**. Dr. Almeroth opines that Salomon disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1553-55.

18. **Disputed as to characterization**. Dr. Almeroth opines that Hurly disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1282-84.

19. **Disputed as to characterization**. Dr. Almeroth opines that the ▮▮▮▮▮▮▮▮ disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1026-28.

20. **Disputed**. Dr. Almeroth opines that a POSITA would have found the "selectively storing" limitation obvious in view of each of Salomon, Hurly, and the ▮▮▮▮▮▮▮▮ alone "under a correct interpretation of pre-fetching." *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1029, 1284, 1558. Dr. Almeroth further opines, for example, that a POSITA would have found the "selectively storing" limitation obvious in view of each of Salomon, Hurly, and the ▮▮▮▮▮▮▮▮ in view of other prior art under the Court's construction. *See, e.g.*, *id.* ¶¶ 1031-42, 1287-98, 1559-67.

21. **Disputed**. Dr. Almeroth analyzed whether Salomon disclosed "applications" as construed by the Court. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 100, 886, 1476-84, 1493-97, 1506-10.

22. **Disputed**. Dr. Almeroth opined and showed that the "electronic magazine (EMAG) articles" are the claimed "applications." *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 100, 886, 1476-84, 1493-97, 1506-10.

23. **Disputed as to characterization**. Dr. Almeroth opined and showed that the "electronic magazine (EMAG) articles" are the claimed "applications." *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 100, 886, 1476-84, 1493-97, 1506-10. It is improper to consider a "reply" report in a vacuum.

24. **Disputed as to characterization**. Dr. Almeroth opines that Salomon disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction and, therefore, provided an opinion based on the Court's construction to the extent that IBM and its experts' interpretation and application is in accordance with the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1553-55.

25. **Disputed as to characterization**. Dr. Almeroth opines that Hurly disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction and, therefore, provided an opinion based on the Court's construction to the

extent that IBM and its experts' interpretation and application is in accordance with the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1282-84.

26. **Disputed as to characterization**. Dr. Almeroth opines that the ▇▇▇▇ disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction and, therefore, provided an opinion based on the Court's construction to the extent that IBM and its experts' interpretation and application is in accordance with the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1026-28.

27. **Disputed as to characterization but immaterial**, including IBM's use of the phrase "only addresses." Dr. Almeroth opines that a POSITA would have found the "selectively storing" limitation obvious in view of each of Salomon, Hurly, and the ▇▇▇▇ alone. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1029, 1284, 1558. Dr. Almeroth further opines, for example, that a POSITA would have found the "selectively storing" limitation obvious in view of each of Salomon, Hurly, and the ▇▇▇▇ in view of other prior art. *See, e.g.*, *id.* ¶¶ 1031-42, 1287-98, 1559-67.

28. **Disputed as to characterization**. Dr. Almeroth opined and showed that the "electronic magazine (EMAG) articles" are the claimed "applications." *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 100, 886, 1476-84, 1493-97, 1506-10. It is improper to consider a "reply" report in a vacuum.

29. **Disputed but immaterial**. Dr. Almeroth opines that Salomon disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction and, therefore, provided an opinion based on the Court's construction to the extent that IBM and its experts' interpretation and application is in accordance with the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1553-55.

5

30.     **Disputed but immaterial**. Dr. Almeroth opines that the ▮▮▮▮▮▮▮▮▮▮ disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction and, therefore, provided an opinion based on the Court's construction to the extent that IBM and its experts' interpretation and application is in accordance with the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1026-28.

31.     **Disputed but immaterial**. Dr. Almeroth opines that Hurly disclosed the "selectively storing" limitation based on IBM and its experts' interpretation and application of the Court's construction and, therefore, provided an opinion based on the Court's construction to the extent that IBM and its experts' interpretation and application is in accordance with the Court's construction. *See, e.g.*, Ex. 1 (Almeroth Op.) ¶¶ 1282-84.

32.     **Disputed**. Salomon disclosed "applications," which the Court construed as "information events composed of a sequence of one or more pages opened at a screen." Ex. 1 (Almeroth Op.) ¶¶ 100, 150, 886, 1476-84, 1493-97, 1506-10. Further, the citations to Dr. Jeffay's expert report do not support IBM's statements.

33.     **Undisputed but immaterial** that Dr. Jeffay states in paragraphs 444, 724, and 1062 of his March 1, 2024 Rebuttal Expert Report on Invalidity of the '849 Patent that he "applied the Court's claim construction and the agreed upon constructions in [his] analysis." D.I. 297, Ex. 1E (Jeffay Reb.) ¶¶ 444, 724, 1062. IBM and its experts repeatedly asserted that Zynga's games "pre-fetch" advertising objects by downloading them and storing them in a cache prior to display—in other words, storing (e.g., in cache) prior to being displayed to a user. *See, e.g.*, Ex. 2 (Thompson Op., Ex. E) ¶ 188; Ex. 3 (Thompson Op., Ex. D) ¶ 261; Ex. 4 (Thompson Op., Ex. C) ¶ 154; *see also* Ex. 6 (Martin Dep.) at 71:23-73:16, 255:17-20.

Dated: April 22, 2024                                    Respectfully submitted,

                                                                       FARNAN LLP

                                                                       */s/ Brian E. Farnan*
                                                         Brian E. Farnan (Bar No. 4089)
                                                         Michael J. Farnan (Bar No. 5165)
                                                         919 North Market Street, 12th Floor
                                                         Wilmington, DE 19801
                                                         (302) 777-0300
                                                         (302) 777-0301 (Fax)
                                                         bfarnan@farnanlaw.com
                                                         mfarnan@farnanlaw.com

                                                                       Clement S. Roberts (admitted *pro hac vice*)
                                                         Will Melehani (admitted *pro hac vice*)
                                                         Sarah Mullins (admitted *pro hac vice*)
                                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                         The Orrick Building
                                                         405 Howard Street
                                                         San Francisco, CA 94105-2669
                                                         (415) 773-5700
                                                         croberts@orrick.com
                                                         wmelehani@orrick.com
                                                         sarahmullins@orrick.com

                                                                       Alyssa Caridis (admitted *pro hac vice*)
                                                         Geoffrey Moss (admitted *pro hac vice*)
                                                         Isaac Behnawa (admitted *pro hac vice*)
                                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                         355 S. Grand Avenue, Suite 2700
                                                         Los Angeles, CA 90071
                                                         (213) 629-2020
                                                         acaridis@orrick.com
                                                         gmoss@orrick.com
                                                         ibehnawa@orrick.com

                                                                       Brooks Kenyon (admitted *pro hac vice*)
                                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                         300 West 6th Street Suite 1850
                                                         Austin, TX 78701
                                                         (512) 582-6950
                                                         bkenyon@orrick.com

                                                                       Evan D. Brewer (admitted *pro hac vice*)
                                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                         1000 Marsh Road
                                                         Menlo Park, CA 94025
                                                         (650) 614-7343

ebrewer@orrick.com
Richard F. Martinelli (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000
rmartinelli@orrick.com

*Attorneys for Defendant Zynga Inc.*