# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, ) ) ) | |
| Plaintiff, ) | C.A. No. 22-590-GBW |
| ) | |
| v.  ) | **JURY TRIAL DEMANDED** |
| ) | |
| ZYNGA INC., ) | **PUBLIC VERSION** |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S LETTER REGARDING DEFENDANT'S DISPOSITIVE MOTION BRIEFING

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Tamir Packin
Raymond N. Habbaz
Benjamin Rodd
Caitrianne Feddeler
Michael Hilyard
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Tuhin Ganguly
Sumeet Dang
DESMARAIS LLP
1899 Pennsylvania Avenue NW, Suite 400
Washington, D.C. 20006
Tel: (202) 451-4900

Michael R. Rhodes
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Dated: June 21, 2024
11572901 / 00311.00032
Public Version Dated: June 28, 2024

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff International Business Machines Corporation*

Dear Judge Williams:

IBM submits this letter regarding Zynga's efforts to file dispositive motions in excess of the limitations in the Scheduling Order, which (1) required all dispositive and *Daubert* motions to be filed by April 5, 2024; (2) limited Zynga to 75 collective pages of opening and reply briefing for such motions; and (3) required Zynga to rank its dispositive motions by the order in which the Court should consider them. *See* D.I. 89, ¶ 14. Zynga's filing today, *see* D.I. 455, seeks to expand on its April 2024 dispositive motions, *see* D.I. 312, 313 and 315, and it also bears on its 2023 dispositive motion for judgment on the pleadings, *see* D.I. 168. Although IBM believes that Zynga's belated filing is procedurally improper (and substantively meritless), to the extent the Court is inclined to allow Zynga the opportunity to reframe the issues, IBM respectfully requests that the Court order Zynga to refile all pending dispositive motions, *see* D.I. 168, 312, 313, 315, and 455, in a manner that complies with the collective page limits (no more than 75 pages inclusive of pending *Daubert* motions, *see* D.I. 299, 305) and with a clear order in which the Court should consider them. IBM will then refile streamlined responses in compliance with the Court's page limits. The above procedure will not serve to delay the case and will instead allow the Court to consider all pending motions in a prioritized and efficient manner.

Specifically, in addition to the three dispositive and two *Daubert* motions that it filed in April 2024—which together exhausted its allotted 75 pages of briefing, *see* D.I. 301, 306, 316, 383, 386, 392—Zynga has now filed a 20-page "*O2 Micro*" motion in which it raises several purported claim construction disputes. *See* D.I. 456. Zynga requests the Court to construe "structuring advertising," "structuring applications," and "configuring the advertising as objects that include advertising data" in a manner that Zynga believes will exclude its games developed abroad from infringement. *See id.* at 5–15; *see also* D.I. 445 at 2. Zynga also requests the Court to amend its construction of "selectively storing advertising objects at a store established at the reception system" to require advertisements to be "pre-fetched" before the page on which they are displayed is "downloaded" from the network (instead of "requested"), mischaracterizing the Federal Circuit's discussion of pre-fetching in *Chewy, Inc. v. Int'l Bus. Machs. Corp.*, 94 F.4th 1354, 1361 (Fed. Cir. 2024). *See* D.I. 456 at 15–20.

Setting aside the merits of these issues, Zynga's *O2 Micro* motion is just another dispositive motion that fails to comply with the Scheduling Order. Indeed, Zynga previously represented to the Court that its proposed constructions of "structuring advertising" and "structuring applications" could "eliminate ***all of the foreign-based accused games*** (more than 40)" prior to trial. *See* D.I. 445, at 2 (emphasis in original).[1] Despite having raised these exact defenses months before the deadline to file dispositive motions, *see* Ex. B at 4, 207–211, 215–217, Zynga elected ***not*** to include those arguments in its dispositive motion briefing and instead to use its allotted pages for other arguments. And now, Zynga refuses to rank those arguments among its other dispositive motions, or to eliminate pages from its prior briefing to make room for its new briefing. Similarly, Zynga previously moved for summary judgment on the basis of its position that *Chewy* requires advertisements to be pre-fetched before the page is "downloaded," *see* D.I. 316 at 7–13, yet has

---

[1] Notably, when IBM sought to confirm that Zynga would not seek judgment as a matter of law on these issues, Zynga equivocated that it did not intend to seek "summary judgment on these issues" but that it may "move under other rules, including Rule 50." *See* Ex. A at 6. Regardless, Zynga's prior representations to the Court, *see* D.I. 445 at 2, eliminate any doubt that Zynga contends that its purported claim construction issues are dispositive.

The Honorable Gregory B. Williams
June 21, 2024
Page 2

now added four pages of additional briefing to that same issue under the guise of filing an *O2 Micro* motion. *See* D.I. 456 at 16–20. Finally, compounding the issue, Zynga also previously filed another unranked dispositive motion for judgment on the pleadings that certain claims of IBM's '849 Patent are unpatentable under 35 U.S.C. § 101—which totaled another 26 pages of briefing and must also be addressed before trial. *See* D.I. 169, 200.

Ultimately, it appears that Zynga would like to reframe the arguments that it previously raised (or raise entirely different arguments) in its dispositive motion briefing. Yet the proper avenue to do so is not by filing a belated "*O2 Micro* motion." *See Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 640–41 (Fed. Cir. 2011) (rejecting reliance on *O2 Micro* to justify failure to timely raise claim construction position). Instead, to the extent the Court is willing to entertain additional filings, IBM respectfully requests that the Court order Zynga to refile its dispositive motions—*i.e.*, its October 2023 motion for judgment on the pleadings, *see* D.I. 168, its April 2024 dispositive motions, *see* D.I. 312, 313, 315, and its *O2 Micro* motion, *see* D.I. 455—in compliance with the page limits and ranking requirements of the Court's Scheduling Order. At a minimum, compliance with the Scheduling Order will help the parties and the Court streamline and prioritize the disputes that must be resolved prior to trial (which is scheduled to begin on September 9, 2024).

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/11572901/00311.00032

Enclosures
cc:   Clerk of Court (via hand delivery)
       Counsel of Record (via electronic mail)