IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZYNGA INC.,<br><br>Defendant. | Civil Action No. 22-590-GBW |

### ORDER

At Wilmington, this 29th day of August 2024:

For the reasons set forth in the Memorandum Opinion issued this day, **IT IS HEREBY ORDERED** that:

1. Zynga's Motion for Summary Judgment No. 1 of Non-Infringement of U.S. Patent No. 7,072,849 under IBM's "Third-Party Advertising" Theory (D.I. 312) is **GRANTED**;

2. Zynga's Motion for Summary Judgment No. 2 of Non-Infringement of U.S. Patent No. 7,072,849 under IBM's "In-App Offers" Theory (D.I. 313) is **DENIED**;

3. IBM's Motion for Summary Judgment #1 for No Anticipation for claims 1 and 13 of U.S. Patent No. 7,072,849 (D.I. 294) by Salomon, Hurly, and the Dreyfus Letter is GRANTED. The Motion is otherwise **DENIED**;

4. IBM's Motion for Summary Judgment #2 of No Affirmative Defenses of Prosecution History Estoppel, Collateral Estoppel, Prosecution Laches, Unclean Hands, Waiver,

and Equitable Estoppel (D.I. 298) is **GRANTED** as to prosecution laches and equitable estoppel, **DENIED** as to prosecution history estoppel, and **DENIED-AS-MOOT** on all other grounds.

5. Zynga's Motion to Preclude the Expert Testimony of Dominic M. Persechini (D.I. 299) is **GRANTED** as to Mr. Persechini's apportionment of pre-fetching and is otherwise **DENIED**;

6. Zynga's Motion to Preclude the Expert Testimony of Christopher Thompson (D.I. 305) is **GRANTED** as to non-technical willfulness opinions and is otherwise **DENIED**;

7. IBM's Motion to Exclude Expert Testimony of Mr. Douglas Kidder (D.I. 314) is **GRANTED**;

8. IBM's Motion to Preclude and Exclude Expert Testimony of Drs. Almeroth and Bennett (D.I. 320) is **DENIED-AS-MOOT** with respect to the opinions of Dr. Almeroth on the "selectively storing" limitation, **GRANTED** with respect to the opinions of Dr. Almeroth on the Salomon reference, **GRANTED** with respect to the opinions of Dr. Bennett on "view-generating logic" and "controller logic," and otherwise **DENIED**.

9. The Court construes the following claim terms of the U.S. Patent No. 7,072,849 ("the '849 patent") as follows:

| '849 patent | |
|---|---|
| **Claim Term** | **Court's Construction** |
| Structuring advertising<br><br>Claims 1, 8, 21<br><br>Structuring applications<br><br>Claim 1 | formatting advertising/formatting applications |

2

| '849 patent ||
|---|---|
| **Claim Term** | **Court's Construction** |
| Structuring the advertising objects/Structuring applications<br><br>Claim 13 | formatting [applications/the advertising objects] |
| Configuring the advertising as objects that include advertising data<br><br>Claim 13 | No order required |
| Selectively storing advertising objects at a store established at the reception system<br><br>Claims 1 and 13 | Pre-fetching advertising objects and storing them at a store established at the reception system in anticipation of display concurrently with the application.<br><br>The advertising objects must be "prefetched" in the sense that they are retrieved before the user has requested the page in connection with which they are to appear. |
| A predetermined amount of . . . advertising data<br><br>Claims 8 and 21 | Plain and ordinary meaning; does not include a predetermined number of advertisement units. |

The Court is issuing the accompanying opinion under seal, as portions of the parties' briefing were sealed. **IT IS FURTHER ORDERED** that, by no later than September 20, 2024, the parties shall file a proposed redacted version of the accompanying opinion, along with a motion supported by a declaration that contains a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotations omitted). If the parties do not file a proposed redacted version and corresponding motion by the deadline, or if the Court determines the motion lacks a meritorious basis, the opinion will be unsealed in whole or in part.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE