IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Plaintiff, <br><br> v. <br><br> ZYNGA INC., <br><br> Defendant. | Civil Action No. 22-590-GBW |

David E. Moore, Bindu A. Palapura, Andrew L. Brown, POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; John M. Desmarais, Karim Z. Oussayef, Lindsey E. Miller, Jordan N. Malz, Raymond N. Habbaz, William Vieth, Benjamin Rodd, Amy I. Wann, Jonas R. McDavit, Kyle G. Petrie, Caitrianne Feddeler, Tamir Packin, DESMARAIS LLP, New York, New York; Tuhin Ganguly, DESMARAIS LLP, Washington, D.C.

*Counsel for Plaintiff*

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, Delaware; Alyssa Caridis, Jack O'Neal, ORRICK, HERRINGTON & SUTCLIFFE LLP, Los Angeles, California; Clement S. Roberts, Sarah K. Mullins, ORRICK, HERRINGTON & SUTCLIFFE LLP, San Francisco, California; Evan D. Brewer, ORRICK, HERRINGTON & SUTCLIFFE LLP, Menlo Park, California; Richard F. Martinelli, Brooks J. Kenyon, ORRICK, HERRINGTON & SUTCLIFFE LLP, New York, New York; Geoffrey Moss, ORRICK, HERRINGTON & SUTCLIFFE LLP, Los Angeles, California.

*Counsel for Defendant*

**MEMORANDUM OPINION**

September 6, 2024
Wilmington, Delaware

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Pending before the Court is the issue of claim construction of several terms in U.S. Patent No. 7,072,849, ("the '849 patent"), U.S. Patent No. 7.702,719 ("the '719 patent"), and U.S. Patent No. 7,047,209 ("the '209 patent"). Plaintiff International Business Machines Corporation ("IBM") asserts the '849 and '719 patents against Defendant Zynga, Inc. ( "Zynga"). The '209 patent is a potential obviousness type double patenting reference against the '849 patent.

The Court issued its claim construction order on October 30, 2023. D.I. 171. During summary judgment, two additional rounds of claim construction disputes arose, and the Court resolved those claim construction disputes as part of its omnibus opinion resolving summary judgment and *Daubert* motions. D.I. 501. Zynga now moves for a fourth round of claim construction, purportedly justified by certain opinions of the Court. *See* D.I. 506.

I.  **LEGAL STANDARDS**

"'[T]he claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (citation omitted); *Aventis Pharms. Inc. v. Amino Chemicals Ltd.*, 715 F.3d 1363, 1373 (Fed. Cir. 2013) (same). "[T]here is no magic formula or catechism for conducting claim construction." *Phillips*, 415 F.3d at 1324. The Court is free to attach the appropriate weight to appropriate sources "in light of the statutes and policies that inform patent law." *Id.* The ultimate question of the proper construction of a patent is a question of law, although "subsidiary factfinding is sometimes necessary." *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 326–27 (2015); *see Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996) ("[T]he construction of a patent . . . is exclusively within the province of the court.").

"The words of a claim are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in the context of the specification and prosecution history." *Thorner v. Sony Comput. Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (citing *Phillips*, 415 F.3d at 1313); *Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1358 (Fed. Cir. 2016) (similar). The "'only two exceptions to this general rule'" are (1) when a patentee acts as its own lexicographer and defines a term; or (2) there is a disavowal of "'the full scope of a claim term either in the specification or during prosecution.'" *Thorner*, 669 F.3d at 1365 (citation omitted).

In resolving a claim construction dispute, the Court "'first look[s] to, and primarily rel[ies] on, the intrinsic evidence,'" which includes the claims, written description, and prosecution history and "'is usually dispositive.'" *Personalized Media Commc'ns, LLC v. Apple Inc.*, 952 F.3d 1336, 1340 (Fed. Cir. 2020) (citation omitted). "[T]he specification ' . . . is the single best guide to the meaning of a disputed term.'" *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1340 (Fed. Cir. 2016) (citation omitted). "'[T]he specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess.' When the patentee acts as its own lexicographer, that definition governs." *Cont'l Cirs. LLC v. Intel Corp.*, 915 F.3d 788, 796 (Fed. Cir. 2019) (quoting *Phillips*, 415 F.3d at 1316). In looking to the specification, however, "'[the Court] [cannot] read limitations from the embodiments in the specification into the claims.'" *MasterMine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1310 (Fed. Cir. 2017) (citation omitted)). The "written description . . . is not a substitute for, nor can it be used to rewrite, the chosen claim language." *SuperGuide Corp. v. DirecTV Enters., Inc.*, 358 F.3d 870, 875 (Fed. Cir. 2004).

The Court "should also consider the patent's prosecution history, if it is in evidence." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370; *Cont'l Cirs.*, 915 F.3d at 796 (same). The prosecution history may "'demonstrat[e] how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution . . . .'" *SpeedTrack, Inc. v. Amazon.com*, 998 F.3d 1373, 1377 (Fed. Cir. 2021) (quoting *Phillips*, 415 F.3d at 1317).

Finally, the Court may "need to look beyond the patent's intrinsic evidence and to consult extrinsic evidence in order to understand, for example, the background science or the meaning of a term in the relevant art during the relevant time period." *Teva*, 574 U.S. at 331. "Extrinsic evidence consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Markman*, 52 F.3d at 980; *Phillips*, 415 F.3d at 1317 (same). While such evidence may be useful, it is "less significant than the intrinsic record in determining the legally operative meaning of claim language." *Cont'l Cirs.*, 915 F.3d at 799 (internal quotation marks and citations omitted).

## II. WAIVER OF ARGUMENTS

In this circumstance, the Court cannot ignore that trial begins in three (3) days. Moreover, the parties were given ample opportunity to raise claim construction disputes, as the Court required the parties to brief their claim construction arguments first at the *Markman* hearing, then later in the initial round of supplemental claim construction briefing. Permitting new claim constructions on the eve of trial, in all circumstances, would incentivize gamesmanship and circumventing of the Court's orders, and prejudices parties by ambushing them with new arguments after expert reports have already been served. Thus, the Court is within its discretion to find that a party has waived its arguments and cannot "add new claim construction theories on the eve of trial."

*Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 641 (Fed. Cir. 2011); *see Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) ("The district court found that ACS waived any argument with respect to this term by failing to raise it during the claim construction phase. We agree."); *CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17CV02479GPCDEB, 2022 WL 16985003, at *9 (S.D. Cal. Nov. 15, 2022) ("[G]enerally, a party waives any argument with respect to the construction of a claim term when they fail to raise that issue during the claim construction phase of the case.").

Zynga contends that its four (4) new requests for claim construction are justified by new developments in the case. D.I. 506 at 1-3. With respect to its first disputed term, Zynga contends that the Court's summary judgment ruling has altered the construction of "view-generating logic." D.I. 506 at 1. Because Zynga cites the Court's summary judgment opinion, the Court agrees with Zynga that a new claim construction dispute arose following summary judgment. Thus, Zynga did not waive its new arguments that certain information from the Court's summary judgment rulings needs to be added to the claim construction of "view-generating logic."

As to its second disputed claim term, Zynga suggests that a new claim construction of "selectively supplied" is justified by the Court's ruling *in limine* restricting the parties from deploying the specification and the prosecution history to argue claim construction to the jury. *See* D.I. 503 at 5. Zynga concedes that it was aware of the differing constructions of "selectively supplied" during expert discovery, and the Court's order prohibiting arguing claim construction to the jury does not permit Zynga to return and file any new claim construction disputes it desires. *Id.* at 1-2. This issue is therefore waived.

Similarly, Zynga waived its request that "additional information" in the '209 patent be construed to specifically include "advertising." D.I. 506 at 3. This is the sort of specific construction that should have been raised to the Court earlier.

In its final dispute, Zynga requests that the Court construe any claims that are identical in the '209 patent and the '849 patent to have the same meaning. D.I. 506 at 3. Zynga points to the Court's ruling *in limine* permitting certain evidence of obviousness-type double patenting and contends that experts can no longer explain that persons of ordinary skill in the art would read the specifications and understand that the two patents share constructions where necessary. D.I. 506 at 3. While the Court has some doubts that Zynga's arguments here are justified by new rulings, ultimately the Court finds that the interests of judicial efficiency and clarity support explaining to the jury that identical terms are construed identically across patents, to the extent there is no dispute.

IBM contends that, if the Court does elect to construe claims from the '209 patent, the Court should construe "characteristics" as "different from characterizations." D.I. 509 at 3. Again, this is a specific claim construction argument that could have— and should have—been raised earlier. The Court finds that IBM has waived any argument on the claim construction of "characteristics."

## III. CONSTRUED TERMS

### A. "View-generating logic"

| Disputed Term | IBM's Construction | Zynga's Construction | Court's Construction |
|---|---|---|---|
| View-generating logic<br><br>'719 patent Claim 1 | Do not construe | "View-generating logic does not create new data (unlike controller logic) but merely reformats data for display" | "View generating logic does not create new model data (unlike controller logic) but merely reformats model data for display"[1] |

In its *Daubert* opinion, the Court found that Dr. Bennett's invalidity opinion improperly applied the Court's construction to include "a server sending data to a client that causes the client to change what is displayed on its screen." D.I. 501 at 38. The Court found that "[v]iew generating-logic does not create new data (unlike controller logic) but merely reformats data for display)." *Id.* Zynga contends that the Court should add this clarification to its claim construction, insofar as the Court has further explained the meaning of its construction. D.I. 506 at 1. IBM contends that, in context, the Court's order was merely stating that view-generating logic does not create "new *model* data." D.I. 509 at 2. IBM is correct—the Court sought to explain that view-generating logic acts on a subset of the model, as opposed to controller logic which causes the model to be changed. D.I. 501 at 38. This stray line in a summary judgment opinion was not intended to alter the construction of any term and was certainly not a holding that no new data—at all—can be created by view-generating logic. Moreover, during summary judgment briefing, IBM distinguished between view-generating logic, which acts on a subset of the model, and controller logic, which causes the model to be changed. D.I. 382 at 7. To ensure that this

---

[1] This clarification is in addition to the Court's earlier construction of "view-generating logic."

distinction is properly reflected to the jury, the Court will include a clarification in its construction that no new "model" data is created by view-generating logic.

### B. Every Previously Construed Term in the '209 Patent

| Disputed Term | IBM's Construction | Zynga's Construction | Court's Construction |
|---|---|---|---|
| Each term the Court has construed in the '849 patent and that appears identically in the claims of the U.S. Patent No. 7,047,209. | Do not construe | The same construction the Court has adopted for the same claim term in the '849 patent. | The same construction the Court has adopted for the identical claim term in the '849 patent. |

Zynga asks the Court to explain to the jury that a person of ordinary skill in the art would understand the terms of the '209 patent to have the same meaning as those same exact terms of the ''849 patent that the Court has previously construed. D.I. 506 at 3. "[W]e presume, unless otherwise compelled, that the same claim term in the same patent or related patents carries the same construed meaning." *Aventis Pharms. Inc. v. Amino Chems. Ltd.*, 715 F.3d 1363, 1380 (Fed. Cir. 2013) (citation omitted). IBM provides no terms that it believes have a different meaning in the '209 and '849 patents. *See generally* D.I. 509. IBM merely notes that claim terms must be interpreted in the context of the claim in which they appear. *Id.* at 3. While the Court agrees, IBM has failed to identify any terms for which such context would lead to a different construction in each patent, and IBM provides no evidence to overcome the presumption that identical terms carry identical meanings within a patent family. Thus, the Court will adopt Zynga's suggestion and note to the jury that terms in the '209 patent share the same meaning as identical terms in the '849 patent.

## IV.   CONCLUSION

The Court will construe the disputed claim terms as described above. The Court will issue an Order consistent with this Memorandum Opinion.