IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>          Plaintiff,<br><br>     v.<br><br>ZYNGA INC.,<br><br>          Defendant. | C.A. No. 22-590-GBW |

**DEFENDANT ZYNGA'S UNOPPOSED MOTION TO SEAL CERTAIN TRIAL EXHIBITS REGARDING FINANCIAL INFORMATION AND SOURCE CODE**

Defendant Zynga, Inc. ("Zynga") respectfully moves for an order sealing a limited number of exhibits containing highly confidential financial information (JTX-0196, JTX-0242, JTX-0256, JTX-0279, PTX-0975) and source code (DTX-0340, PTX-2108.B through PTX-2018.FF) that were admitted into evidence during a five-day trial, starting September 9, 2024.

I.   **LEGAL STANDARD**

The public has a "common law right of access to judicial proceedings and records," but this right "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). While a presumption of public access may exist, it "must be balanced against the factors militating against access." *Id.* (quoting *Bank of Am. Nat. Tr. and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 344 (3d Cir. 1986)). A party can overcome the presumption of public access by showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). For example, "courts may deny access to judicial records . . . where they are sources of business information that might harm

a litigant's competitive standing." *Littlejohn*, 851 F.2d at 678.

## II.   ARGUMENT

Sealing trial exhibits containing highly confidential financial information and source code is appropriate because their disclosure works "a clearly defined and serious injury" to Zynga and harms Zynga's standing in the marketplace. *See In re Avandia*, 924 F.3d at 672. JTX-0196, JTX-0242, JTX-0256, JTX-0279, and PTX-0975 are spreadsheets listing detailed financial information, such as bookings, relating to the accused Zynga games. DTX-0340 and PTX-2108.B through PTX-2108.FF are excerpts of source code of the accused Zynga games. The Court admitted each of these exhibits into evidence at trial. *See, e.g.*, Trial Tr. at 370:15-17.

**Exhibits Containing Financial Information**: Zynga maintains the financial information provided in JTX-0196, JTX-0242, JTX-0256, JTX-0279, and PTX-0975 as highly confidential in the ordinary course of business, and it is not publicly available. *See* Ex. A (Lam Decl.) ¶ 3. Public disclosure of this financial information would create a risk of significant competitive injury and particularized harm to Zynga because its competitors could use this information to gain a competitive advantage in the mobile game marketplace. *Id.* Further, if advertisers, software developers, and other companies that work within the mobile game marketplace had access to this financial information, they could use that knowledge to Zynga's disadvantage to extract more advantageous pricing for their services. *Id.*

Moreover, while these financial spreadsheets were admitted into evidence, they should be sealed because neither party displayed the underlying data in open court. Instead, IBM's damages expert cited to each exhibit as "the revenue and cost data that Zynga produced with respect to the 33 games that [he] used in [his] analysis" and, at most, addressed only summary, top-level numbers—not specifics. Trial Tr. at 581:3-13. At the very least, the Court should permit Zynga to

redact these exhibits to align with the limited information disclosed on the record regarding their contents. *See Amgen Inc. v. Hospira, Inc.*, 2018 WL 4080353, at *17 (D. Del. Aug. 27, 2018) (permitting movant to redact sections of trial exhibits that were "were not published in their entirety in open court and contain[ed] sensitive information about ongoing commercial agreements"); *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, No. 15-cv-152-RGA, D.I. 549 at 2–3 (D. Del. Feb. 11, 2019) (striking revenue spreadsheets from record where jury did not see or hear testimony on their content).

**Exhibits Containing Source Code**: The source code of the accused Zynga games provided in DTX-0340 and PTX-2108.B through PTX-2018.FF contains Zynga's trade secrets and other highly confidential technical information. *See* Lam Decl. ¶ 4. Public disclosure of Zynga's source code would create a risk of significant competitive injury and particularized harm to Zynga because its competitors in the mobile game marketplace could use this source code to copy the underlying technology and functionality. *See id*. Further, unscrupulous actors could also potentially make use of the source code to design ways to hack or cheat in Zynga's games, which would cause significant economic damage and harm to Zynga's brand and reputation. *See id.* Disclosure would also put at risk the investments of time and resources that Zynga has made to develop and bring to market the accused Zynga games. *See id.* Indeed, the Court already granted Zynga's request to seal the courtroom during trial when the source code of the accused Zynga games was presented to the jury. *See, e.g.*, Trial Tr. at 352:17-353:4; *see also Smartflash LLC et al v. Apple Inc, et al*, Case No. 6:13-cv-447-JRG, D.I. 534 at 2 (E.D. Tex. Mar. 30, 2015) (sealing source code exhibits where, "due to the confidential nature of these exhibits," the courtroom was sealed before their display).

### III.   CONCLUSION

For the foregoing reasons, the Court should grant Zynga's motion to seal.

Dated: November 8, 2024

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*

Brian E. Farnan (Bar. No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Clement S. Roberts (admitted *pro hac vice*)
Elizabeth R. Moulton (admitted *pro hac vice*)
Will Melehani (admitted *pro hac vice*)
Sarah Mullins (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
(415) 773-5700
croberts@orrick.com
emoulton@orrick.com
wmelehani@orrick.com
sarahmullins@orrick.com

Alyssa Caridis (admitted *pro hac vice*)
Geoffrey Moss (admitted *pro hac vice*)
Isaac Behnawa (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
(213) 629-2020
acaridis@orrick.com
gmoss@orrick.com
ibehnawa@orrick.com

Brooks J. Kenyon (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
300 West 6th Street Suite 1850
Austin, TX 78701
(512) 582-6950
bkenyon@orrick.com

Evan D. Brewer (admitted *pro hac vice*)

Orrick, Herrington & Sutcliffe LLP
401 Union St, Ste 3300
Seattle, WA 98101
(206) 839-4300
ebrewer@orrick.com

Richard F. Martinelli (admitted *pro hac vice*)
Joseph R. Kolker (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 W 52nd St
New York, NY 10019
(212) 506-5000
rmartinelli@orrick.com
jkolker@orrick.com

***Attorneys for Defendant Zynga Inc.***